PAUL J. BEARD II, No. 210563
E-mail: pjb@pacificlegal.org
DAMIEN M. SCHIFF, No. 235101
E-mail: dms@pacificlegal.org
BRANDON M. MIDDLETON, No. 255699
E-mail: bmm@pacificlegal.org
Pacific Legal Foundation
3900 Lennane Drive, Suite 200
Sacramento, California 95834
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCER, FRASER CO., a California corporation; and O & M INDUSTRIES, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF HUMBOLDT, CALIFORNIA, a political subdivision of the State of California<br><br>Defendant. | No. C 08-04098 SI<br><br>**NOTICE OF FILING OF FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. Susan Illston<br>Courtroom 10, 19th Floor |

    Please take notice that Plaintiffs Mercer, Fraser Co. and O & M Industries, pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure (FRCP), hereby submit and file the attached First Amended Complaint. This filing is proper under FRCP 15(a)(1) in that this is Plaintiffs' first amendment, and Defendant County of Humboldt, California, has not yet responded to the Complaint.

    The only change between the Complaint and the First Amended Complaint is in Paragraph 9 of each. The former read:

Notice of Filing of First Amended Complaint
No. C 08-04098 SI                               - 1 -

9. Since Measure T's passage, Plaintiff Mercer, Fraser has not and will not expend and contribute money and other things of value, for fear of prosecution for violation of Measure T's prohibitions.

The First Amended Complaint now reads:

9. Since November, 2007, Plaintiff Mercer, Fraser has neither expended nor contributed money or other things of value in an election in Humboldt County, and will not do so, for fear of prosecution for violation of Measure T's prohibitions.

DATED: September 3, 2008.

Respectfully submitted,

PAUL J. BEARD II
DAMIEN M. SCHIFF
BRANDON M. MIDDLETON


By   /s/ Damien M. Schiff
         DAMIEN M. SCHIFF

Attorneys for Plaintiffs

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

Notice of Filing of First Amended Complaint
No. C 08-04098 SI                          - 2 -

## DECLARATION OF SERVICE BY FACSIMILE AND MAIL

1. I, Damien M. Schiff, declare as follows:

2. I am a resident of the State of California, residing or employed in Sacramento, California.

3. I am over the age of 18 years and am not a party to the above-entitled action.

4. My business address is 3900 Lennane Drive, Suite 200, Sacramento, California 95834.

5. On September 3, 2008, true copies of NOTICE OF FILING OF FIRST AMENDED COMPLAINT were faxed and placed in envelopes addressed to:

> Board of Supervisors
> County of Humboldt
> Attn: Kathy Hayes, Clerk of the Board
> 825 - 5th Street, Room 111
> Eureka, CA  95501
> Fax: (707) 445-7299
>
> Ms. Wendy B. Chaitin
> Interim County Counsel
> County of Humboldt
> 825 - 5th Street
> Eureka, CA  95501
> Fax: (707) 445-6297

which envelopes, with postage thereon fully prepaid, were then sealed and deposited in a mailbox regularly maintained by the United States Postal Service in Sacramento, California.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 3rd day of September, 2008, at Sacramento, California.

/s/ Damien M. Schiff
DAMIEN M. SCHIFF

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA  95834
(916) 419-7111  FAX (916) 419-7747

Notice of Filing of First Amended Complaint
No. C 08-04098 SI                                         - 3 -

1  PAUL J. BEARD II, No. 210563
   E-mail: pjb@pacificlegal.org
2  DAMIEN M. SCHIFF, No. 235101
   E-mail: dms@pacificlegal.org
3  BRANDON M. MIDDLETON, No. 255699
   E-mail: bmm@pacificlegal.org
4  Pacific Legal Foundation
   3900 Lennane Drive, Suite 200
5  Sacramento, California 95834
   Telephone: (916) 419-7111
6  Facsimile: (916) 419-7747

7  Attorneys for Plaintiffs

8

9                  IN THE UNITED STATES DISTRICT COURT

10                FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12 MERCER, FRASER CO., a California corporation; and )    No. CV 08-4098 SI
   O & M INDUSTRIES, a California corporation,       )
13                                                   )    **FIRST AMENDED**
                   Plaintiffs,                       )    **COMPLAINT FOR**
14                                                   )    **DECLARATORY AND**
           v.                                        )    **INJUNCTIVE RELIEF**
15                                                   )
   COUNTY OF HUMBOLDT, CALIFORNIA, a                 )    Judge: Hon. Susan Illston
16 political subdivision of the State of California  )    Courtroom 10, 19th Floor
                                                     )
17                 Defendant.                        )
                                                     )

18

19                              **INTRODUCTION**

20         1.      Plaintiffs Mercer, Fraser Co., and O & M Industries, challenge the constitutionality

21 of the "Humboldt County Ordinance to Protect Our Right to Fair Elections and Local Democracy,"

22 known as "Measure T," a true and correct copy of which is attached hereto as Exhibit 1, and

23 incorporated by reference. Measure T forbids all election-related contributions and expenditures

24 by nonlocal corporations. Plaintiffs contend that Measure T violates Plaintiffs' political free

25 speech rights under the First Amendment of the Federal Constitution, as incorporated against

26 municipalities by the Due Process Clause of the Fourteenth Amendment, as well as Plaintiffs' right

27 to be free from arbitrary and irrational discrimination that impacts the exercise of said speech

28 rights, as protected by the Equal Protection Clause of the Fourteenth Amendment. Plaintiffs seek

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1  a declaratory judgment that Measure T is unconstitutional and void, as well as preliminary and
2  permanent prohibitory injunctions forbidding its enforcement.

## JURISDICTION

4  2. This Court has subject matter jurisdiction of the action pursuant to 28 U.S.C. § 1331
5  (federal question); § 1343(a)(3) (constitutional violation under color of state law); § 2201
6  (authorizing declaratory relief); and § 2202 (authorizing injunctive relief). Plaintiffs' claims for
7  relief arise under the First and Fourteenth Amendments, and Plaintiffs seek redress pursuant to 42
8  U.S.C. § 1983 for deprivations, under color of municipal law, for deprivations of their rights
9  secured under the same Amendments.

## VENUE

11 3. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a
12 substantial part of the events or omissions giving rise to the claims occurred in this district.

## INTRADISTRICT ASSIGNMENT

14 4. Pursuant to Civil Local Rule 3-2(c), this action arises in the County of Humboldt
15 because a substantial part of the events or omissions giving rise to the claims occurred in that
16 County. Pursuant to Civil Local Rule 3-2(d), this action should be assigned to either the
17 San Francisco or Oakland Division.

## NATURE OF THIS ACTION

19 5. This action is authorized by Section 1 of the Civil Rights Act of 1871, 17 Stat. 13,
20 as amended, *see* 42 U.S.C. § 1983, to prevent the deprivation, under color of state law, of rights
21 secured by the First and Fourteenth Amendments to the United States Constitution. Section 1983
22 provides, in relevant part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

27 ///
28 ///

1st Amended Complaint for Declaratory
& Injunctive Relief - No. CV 08-4098 SI         - 2 -

**PARTIES**

**The Plaintiffs**

6. Plaintiff Mercer, Fraser Co., is a corporation organized under the laws of the State of California. Plaintiff's current corporate charter was issued by the California Secretary of State in 1948. Plaintiff is a successful asphalt paving, highway and heavy construction business located in Eureka, California. Approximately 98% of Plaintiff's employees live in Humboldt County. A corporation may maintain an action under Section 1983.

7. Plaintiff Mercer, Fraser is considered a nonlocal corporation under Measure T and is therefore subject to Measure T's total prohibition on "nonlocal corporation" political expenditures and contributions.

8. Prior to Measure T's passage, Plaintiff Mercer, Fraser contributed to local election campaigns, and also purchased its own advertisements in local newspapers to support local candidacies. But for Measure T's prohibitions, Plaintiff would, directly and indirectly, expend and contribute money and other things of value in local elections within Humboldt County.

9. Since November, 2007, Plaintiff Mercer, Fraser has neither expended nor contributed money or other things of value in an election in Humboldt County, and will not do so, for fear of prosecution for violation of Measure T's prohibitions.

10. Therefore, Measure T, since its passage and continuously since then and to the present, has worked upon Plaintiff Mercer, Fraser concrete and discrete injuries to its rights under the First and Fourteenth Amendments.

11. Plaintiff Mercer, Fraser would receive redress for its injuries by a favorable decision from this Court. A declaration that Measure T is unconstitutional and a permanent injunction enjoining its enforcement would permit Plaintiff to expend and contribute money and other things of value in local elections within Humboldt County.

12. Plaintiff O & M Industries is a corporation organized under the laws of the State of California. Plaintiff's current corporate charter was issued by the California Secretary of State in 1972. Plaintiff is a successful manufacturer focusing on steel fabrication and heat, ventilation, and air conditioning systems. (The company built the famed steel Coke bottle located in the left

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1  field seats at the San Francisco Giants' ATT Park.)  A corporation may maintain an action under
2  Section 1983.

3      13.  Approximately three quarters of Plaintiff O & M Industries's employees live within
4  the Humboldt County, but Plaintiff is considered a nonlocal corporation under Measure T because
5  the remainder of its workforce resides outside the County.  Therefore, Plaintiff is subject to
6  Measure T's total prohibition on "nonlocal corporation" political expenditures and contributions.

7      14.  Prior to Measure T's passage, Plaintiff O & M Industries contributed to a local
8  election campaign.  But for Measure T's prohibitions, Plaintiff would, directly and indirectly,
9  expend and contribute money and other things of value in local elections within Humboldt County.

10     15.  Since Measure T's passage, Plaintiff O & M Industries has not and will not expend
11 and contribute money and other things of value, for fear of prosecution for violation of
12 Measure T's prohibitions.

13     16.  Therefore, Measure T, since its passage and continuously since then and to the
14 present, has worked upon Plaintiff O & M Industries concrete and discrete injuries to its rights
15 under the First and Fourteenth Amendments.

16     17.  Plaintiff O & M Industries would receive redress for its injuries by a favorable
17 decision from this Court.  A declaration that Measure T is unconstitutional and a permanent
18 injunction enjoining its enforcement would permit Plaintiff to expend and contribute money and
19 other things of value in local elections within Humboldt County.

20 **The Defendant**

21     18.  Defendant County of Humboldt is a political subdivision of the State of California.
22 A county is a "person" within the meaning of 42 U.S.C. § 1983.  Defendant is principally
23 responsible for the implementation and enforcement of Measure T.

24                    **GENERAL ALLEGATIONS**
25                         **Measure T**

26     19.  Measure T, otherwise known as the "Humboldt County Ordinance to Protect Our
27 Right to Fair Elections and Local Democracy," forbids all election-related contributions and
28 expenditures by nonlocal corporations.

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

Non-local corporations shall be prohibited from paying or contributing, directly or indirectly, any money, property, compensated service of its officers or employees, independent expenditures, or any other thing of value for the purpose of:

    a)    Promoting or defeating the candidacy of any person for nomination, appointment or election to any political office within the jurisdiction of Humboldt County; or

    b)    Promoting or defeating any initiative, referendum or recall election within the jurisdiction of Humboldt County, California.

*See* Exh. 1, § 5. The ordinance was enacted by the voters of Humboldt County at the June, 2006, general election.

20. Listed under Measure T's "Findings and General Purpose" are the assertions that

    2)    Only natural persons possess civil and political rights. Corporations are creations of state law and possess no legitimate civil or political rights.

    3)    Courts have illegitimately defined corporations as "persons," allegedly vesting corporations with constitutional protections and rights. The unconstitutional doctrines of "corporate personhood" and "corporate constitutional rights" illegitimately deny the people of Humboldt County the ability to exercise our fundamental political rights.

*See id.* § 3, subparas. 2-3.

21. The stated specific purpose of Measure T is "to prohibit non-local corporations from making direct or indirect contributions and independent expenditures in all elections within the jurisdiction of Humboldt County." *Id.* § 4. Further, the ordinance states that "[n]o corporation shall be entitled to claim corporate constitutional rights or protections in an effort to overturn this law." *Id.* § 8.

22. A "local corporation," to which the provisions of Measure T do not apply, is defined as a corporation in which all employees reside in Humboldt County, the corporation's principal place of business and headquarters are located in Humboldt County, and all shareholders reside in Humboldt County, and no shareholder is a corporation. *Id.* § 11. A "local labor organization," which is also exempt, is defined as a labor organization qualifying as such under the National Labor Relations Act in which at least one member resides in Humboldt County. *See id.* Measure T makes no distinction between incorporated and unincorporated local labor organizations.

23. Measure T prohibits a nonlocal corporation from contributing or expending anything of value, directly or indirectly, to promote or defeat the candidacy of any person for a local office, or to promote or defeat any local initiative, referendum, or recall election. *Id*. § 5.

24. Measure T imposes a penalty of ten times the amount illegally contributed or expended. It also directs the district attorney to initiate corporate charter revocation proceedings if the amount illegally contributed or expended exceeds $25,000. *Id*. § 12.

**INJUNCTIVE RELIEF ALLEGATIONS**

25. Plaintiffs hereby reallege and incorporate by reference the allegations contained in Paragraphs 1 through 24 as though fully set forth herein.

26. If an injunction does not issue enjoining Defendant from enforcing Measure T, Plaintiffs will be irreparably harmed. Plaintiffs are presently and continuously injured by Measure T's total ban on nonlocal corporation campaign contributions and expenditures because Plaintiffs are and will continue to be unable to participate in any meaningful way in any upcoming local election by directly and indirectly supporting and opposing candidates, referenda, initiatives, and the like through contributions and expenditures.

27. If not enjoined by this Court, Defendant will continue to enforce Measure T in derogation of Plaintiffs' rights.

28. Plaintiffs have no plain, speedy, and adequate remedy at law. Damages are indeterminate or unascertainable and, in any event, would not fully redress Plaintiffs' harm.

29. Accordingly, injunctive relief is appropriate.

**DECLARATORY RELIEF ALLEGATIONS**

30. Plaintiffs hereby reallege and incorporate by reference the allegations contained in Paragraphs 1 through 29 as though fully set forth herein.

31. An actual and substantial controversy exists between Plaintiffs and Defendant over the constitutionality of Measure T's total ban on nonlocal corporation campaign contributions and expenditures. Plaintiffs contend that Measure T is unconstitutional. Plaintiffs are informed and believe, and on that basis allege, that Defendant contends that Measure T is constitutional.

///

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

32. This case is presently justiciable because Defendant's enforcement of Measure T has caused and will continue to cause immediate and concrete injuries to Plaintiffs by preventing Plaintiffs from expending or contributing anything of value in connection with a local election or campaign. Plaintiffs have expended and contributed in the past, and would continue to do so in the present but for the existence of Measure T.

33. Declaratory relief is, therefore, appropriate to resolve this controversy.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**Violation of the Free Speech Clause of the First Amendment,
as Incorporated Against Municipalities by the Fourteenth Amendment
(Pursuant to 42 U.S.C. § 1983)
(Declaratory and Injunctive Relief)**

34. Plaintiffs hereby incorporate by reference the allegations of Paragraphs 1 through 33.

35. The First Amendment provides, in relevant part, that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend. I. The First Amendment has been incorporated against the states and their subdivisions by the Due Process Clause of the Fourteenth Amendment.

36. Corporations enjoy the free speech protections of the First and 14th Amendments.

37. Measure T burdens Plaintiffs' constitutionally protected core political speech in violation of Plaintiffs' free speech rights under the First and 14th Amendments to the United States Constitution. Measure T prohibits Plaintiffs and similarly situated corporations from making election-related contributions and expenditures.

38. The standard for determining the constitutionality of a restriction on corporate campaign speech varies depending upon whether the speech in question takes the form of a campaign contribution or campaign expenditure.

39. The Free Speech Clause forbids corporate contribution limitations unless they are closely drawn to match a sufficiently important interest.

///

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

40. A regulation cannot be closely drawn to match any interest in ensuring corruption-free elections, where the regulation imposes an *absolute* ban on all direct *and* indirect contributions.

41. Measure T is not closely drawn to achieving any interest in corruption-free elections because it bans *all* direct *and* indirect campaign contributions.

42. The Free Speech Clause forbids corporate expenditure limitations unless those limitations are narrowly tailored to achieve a compelling government interest.

43. Measure T's prohibition on corporate expenditures does not narrowly achieve any compelling interest in avoiding the alleged corrupting influence of corporate election funding, because it imposes a total ban on *all* contributions *and* expenditures of any value by a nonlocal corporation, in connection with any local election, initiative, or recall.

44. Because Measure T is not closely drawn to achieve any interest in corruption-free elections, it is unconstitutional and void.

45. Because Measure T is not narrowly tailored to achieve a compelling government interest, it is unconstitutional and void.

## SECOND CLAIM FOR RELIEF

**Violation of Equal Protection Clause of the Fourteenth Amendment**
**(Pursuant to 42 U.S.C. § 1983)**
**(Declaratory and Injunctive Relief)**

46. Plaintiffs hereby incorporate by reference the allegations of Paragraphs 1 through 45.

47. A law violates the Equal Protection Clause if the law (1) uses classifications that trench upon political speech rights, and (2) is not narrowly tailored to serve a compelling interest.

48. A law also violates the Equal Protection Clause if it fails to treat similarly situated groups in a like manner.

49. A corporation is a "person" within the meaning of the Equal Protection Clause.

50. Measure T, through its definitions of "local corporation" and "local labor organization," imposes its prohibitions disproportionately on corporate enterprises as opposed to incorporated labor organizations.

51. There is no compelling interest for Measure T's disparate treatment of incorporated labor organizations versus non-labor-oriented corporations: the alleged corrupting influences of the corporate form are no more significant with the latter than with the former.

52. Therefore, in its disparate treatment of corporations as opposed to incorporated labor organizations, Measure T fails to classify persons in a manner narrowly tailored to achieving any compelling interest, in violation of the Equal Protection Clause.

53. Further, Measure T, through its definitions of "local corporation" and "local labor organization," imposes its prohibitions disproportionately on corporate enterprises as opposed to labor organizations by its conception of a "local" entity. To qualify as "local," a corporation must establish that (1) all employees reside in Humboldt County, (2) the corporation's principal place of business and headquarters are located in Humboldt County, (3) all shareholders reside in Humboldt County, and (4) no shareholder is a corporation. *See* Exh. 1, § 11. In contrast, a labor organization, to qualify as "local," need only establish that (1) it is deemed a labor organization under the National Labor Relations Act, and (2) at least one member resides in Humboldt County. *See id.*

54. There is no compelling interest for making the standard for "local" much more difficult to achieve for corporations as opposed to labor organizations, because the alleged corrupting effects of nonlocal influence on local elections is as much present with labor organizations as it is with non-labor-oriented corporations; and further, because the "localness" of a legal entity is independent of whether it is a labor organization or a non-labor-oriented corporation.

55. Measure T, by using such disproportionate criteria, is not narrowly tailored to achieving any compelling interest, in violation of the Equal Protection Clause.

56. Because Measure T exempts certain organizations from its prohibition in a manner that offends the Equal Protection Clause, an appropriate remedy is the extension of its exemptions to the improperly targeted class.

///

///

1st Amended Complaint for Declaratory
& Injunctive Relief - No. CV 08-4098 SI            - 9 -

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for judgment as follows:

1. For a declaration that Measure T, as applied to Plaintiffs, abridges the freedom of speech protected by the First Amendment, as incorporated into the Fourteenth Amendment, by impermissibly burdening protected political speech;

2. For a preliminary and permanent prohibitory injunction forbidding Defendant and its agents, employees, officers, and representatives from enforcing, or attempting to enforce, Measure T and any subsequently adopted and similar ordinance;

3. For a declaration that Measure T violates the Equal Protection Clause of the Fourteenth Amendment by impermissibly distinguishing between corporations and incorporated labor organizations, and by impermissibly distinguishing between the standard for local corporations as opposed to local labor organizations, in providing an exemption to Measure T's prohibitions;

4. For preliminary and permanent mandatory injunction requiring Defendant and its agents, employees, officers, and representatives to provide Plaintiffs an exemption from Measure T's prohibitions;

5. For preliminary and permanent prohibitory injunction enjoining Defendant and its agents, employees, officers, and representatives from enforcing or attempting to enforce Measure T, now and in the future;

6. For an award, pursuant to 42 U.S.C. § 1988(b), of reasonable attorneys' fees, expenses, and costs; and

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1st Amended Complaint for Declaratory
& Injunctive Relief - No. CV 08-4098 SI    - 10 -

7. For such other relief as the Court deems just and proper.

DATED: September 3, 2008.

                    Respectfully submitted,

                    PAUL J. BEARD II
                    DAMIEN M. SCHIFF
                    BRANDON M. MIDDLETON

By   /s/ Damien M. Schiff
         DAMIEN M. SCHIFF

Attorneys for Plaintiffs MERCER, FRASER CO., a California corporation; and O & M INDUSTRIES, a California corporation

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111  FAX (916) 419-7747

1st Amended Complaint for Declaratory
& Injunctive Relief - No. CV 08-4098 SI     - 11 -

**DECLARATION OF SERVICE BY FACSIMILE AND MAIL**

I, Damien M. Schiff, declare as follows:

I am a resident of the State of California, residing or employed in Sacramento, California.

I am over the age of 18 years and am not a party to the above-entitled action.

My business address is 3900 Lennane Drive, Suite 200, Sacramento, California 95834.

On September 3, 2008, true copies of FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF were faxed and placed in envelopes addressed to:

Board of Supervisors
County of Humboldt
Attn: Kathy Hayes, Clerk of the Board
825 - 5th Street, Room 111
Eureka, CA  95501
Fax: (707) 445-7299

Ms. Wendy B. Chaitin
Interim County Counsel
County of Humboldt
825 - 5th Street
Eureka, CA  95501
Fax: (707) 445-6297

which envelopes, with postage thereon fully prepaid, were then sealed and deposited in a mailbox regularly maintained by the United States Postal Service in Sacramento, California.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 3rd day of September, 2008, at Sacramento, California.

                                            /s/ Damien M. Schiff
                                            DAMIEN M. SCHIFF

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA  95834
(916) 419-7111  FAX (916) 419-7747

# Exhibit 1

Case 3:08-cv-04098-SI    Document 5-3    Filed 09/03/2008    Page 1 of 3

Attachment F1a

**HUMBOLDT COUNTY ORDINANCE TO PROTECT OUR RIGHT TO FAIR ELECTIONS & LOCAL DEMOCRACY MEASURE T**

THE PEOPLE OF HUMBOLDT COUNTY ORDAIN AS FOLLOWS: TO PROTECT OUR RIGHT TO FAIR ELECTIONS AND LOCAL DEMOCRACY WE PROHIBIT NON-LOCAL CORPORATE CONTRIBUTIONS TO ELECTIONS

**Section 1. Name.**
The name of this Ordinance shall be the "Humboldt County Ordinance to Protect Our Right to Fair Elections & Local Democracy."

**Section 2. Authority.**
This Ordinance is adopted and enacted pursuant to the authority guaranteed to the people of Humboldt County by all relevant state and federal Constitutions and laws, including, but not limited to, the following:
(a) The California Constitution, Article I, Section 1, which states: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."
(b) The California Constitution, Article II, Section 1, which states: "All political power is inherent in the people. Government is instituted for their protection, security, and benefit, and they have the right to alter or reform it when the public good may require."
(c) The people's historical memory of Article XII, Section 8, found in the California Constitution for almost a century, from 1879 to 1972, which stated: "...the exercise of the police power of the State shall never be so abridged or construed as to permit corporations to conduct their business in such a manner as to infringe the rights of individuals or the general well-being of the state."
(d) The United States Constitution, and the 9th Amendment to the United States Constitution, which recognize and secure the fundamental and inalienable right of people to govern themselves.

**Section 3. Findings and General Purpose.**
1) In a Democratic Republic all legitimate political power is held by the people, and government exercises just power only with the consent of the governed. The people create their government for their protection and benefit, and retain their right to alter their government whenever they deem the public good requires it.
2) Only natural persons possess civil and political rights. Corporations are creations of state law and possess no legitimate civil or political rights.
3) Courts have illegitimately defined corporations as "persons," allegedly vesting corporations with constitutional protections and rights. The unconstitutional doctrines of "corporate personhood" and "corporate constitutional rights" illegitimately deny the people of Humboldt County the ability to exercise our fundamental political rights.
4) Corporate contributions in electoral politics interfere with the right of the people to create and maintain the institutions needed for democratic self-governance.
5) The people of Humboldt County make the affirmative legislative finding that corporate contributions in elections are imminently undermining our democratic processes, and are denigrating rather than protecting First Amendment interests.
6) The people of Humboldt County make the affirmative legislative finding that corporate contributions in elections pose a genuine threat to the confidence of the citizenry of Humboldt County in our government.
7) The people of Humboldt County make the affirmative legislative finding that non-local corporate contributions are undermining our democratic processes, creating the appearance of impropriety and corruption, and are causing the people of Humboldt County to lose confidence in the integrity of our elections and in our government.
8) Corporations whose owners and employees reside in our local community are more accountable to the people who live here. People who do not live in Humboldt County should not be allowed to use their positions of corporate control and ownership to influence or undermine local elections through their corporate financial resources. This outside influence is unfair and undemocratic, and it is causing the people of Humboldt County to lose confidence in the integrity of our elections and in our government.

**Section 4. Specific Purpose.**
The specific purpose of this Ordinance is to prohibit non-local corporations from making direct or indirect contributions and independent expenditures in all elections within the jurisdiction of Humboldt County, including candidate campaigns, initiatives, referendums and recalls.

**Section 5. Prohibitions.**
Non-local corporations shall be prohibited from paying or contributing, directly or indirectly, any money, property, compensated service of its officers or employees, independent expenditures, or any other thing of value for the purpose of:
a) Promoting or defeating the candidacy of any person for nomination, appointment or election to any political office within the jurisdiction of Humboldt County; or
b) Promoting or defeating any initiative, referendum or recall election within the jurisdiction of Humboldt County, California.

**Section 6. Statement of Law.**
The Prohibitions in Section Five shall not apply to any election in which the jurisdiction includes counties other than Humboldt County, California.

**Statement 7. Statement of Law.**
The Prohibitions in Section Five shall apply to all municipalities, districts and special districts in which the jurisdictions are located wholly within the geographical boundaries of Humboldt County, California.

**Section 8. Statement of Law.**
No corporation shall be entitled to claim corporate constitutional rights or protections in an effort to overturn this law.

**Section 9. Statement of Law.**
Nothing in this Ordinance prevents individual corporate employees, trustees, directors, or shareholders from voluntarily and without coercion by the corporation contributing their own personal money or uncompensated services in elections to the extent allowed under state and federal campaign finance laws.

**Section 10. Exemptions.**
1) Local corporations shall be specifically exempted from the prohibitions in Section Five of this Ordinance.
2) Local labor organizations shall be specifically exempted from the prohibitions in Section Five of this Ordinance.
3) Local nonprofit organizations shall be specifically exempted from the prohibitions in Section Five of this Ordinance.

**Section 11. Definitions.**
Unless otherwise expressly stated, the following words and phrases in this Ordinance shall have the following meaning:
CORPORATION: An organization incorporated under the laws of the State of California or holding a Certificate of Authority to do Business within the State of California; or an organization incorporated under the laws of any state in the United States; also includes limited liability partnerships and limited liability companies; also includes organizations operating as nonprofits as defined by the Internal Revenue Service Code and Regulations, with the exception of political parties.
LOCAL CORPORATION: A corporation in which all employees reside in Humboldt County, and has its primary place of business in Humboldt County, and has its corporate headquarters located in Humboldt County, and all shares of stock (if any) are owned by individuals residing in Humboldt County, and no portion of the corporation is owned by another corporation.
LOCAL LABOR ORGANIZATION: A labor organization as defined by the National Labor Relations Act in which at least one member resides in Humboldt County. Also includes labor unions and trade unions with at least one member who resides in Humboldt County.
LOCAL NONPROFIT ORGANIZATION: An organization classified as a nonprofit organization under Internal Revenue Service Code and Regulations in which all members of the board of directors reside in Humboldt County.

(CONTINUES ON 12-502)

(CONTINUED FROM 12-501)

NON-LOCAL CORPORATION: Any corporation or organization that does not meet the above definition of "Local Corporation" or "Local Labor Organization" or "Local Nonprofit Organization."

PERSON or PEOPLE: Human beings.

Section 12. Enforcement.

Any non-local corporation found to have contributed directly or indirectly any money, property, compensated service of its officers or employees, independent expenditures, or any other thing of value to political campaigns, initiatives, referendums shall pay to the County of Humboldt ten (10) times the amount the corporation inappropriately contributed.

If any non-local corporation is found to have contributed (directly or indirectly) more than $25,000 to any political campaigns, initiatives or referendums in violation of this Ordinance, the Humboldt County District Attorney shall petition the California Attorney General to:

a) Initiate a charter revocation proceeding against the corporation if the corporation is chartered in California, or

b) Initiate a proceeding to revoke the corporation's Certificate of Authority to do Business in California if the corporation is not chartered in California.

Any violation of this Ordinance shall give rise to a mandatory duty on the part of the District Attorney to enforce this Ordinance. If the District Attorney fails to bring an action to enforce this Ordinance, any natural person residing in Humboldt shall have standing before the Court for enforcement as described in Section 13.

Section 13. Citizen Suits.

This Ordinance creates and vests in every citizen of Humboldt County the right to sue to compel compliance with this Ordinance. All actions shall be brought in the Superior Court of California, County of Humboldt.

Citizen-Plaintiffs shall notify the District Attorney in writing of their intent to sue, and the District Attorney shall have fourteen (14) days following receipt of the notice to initiate an action to enforce the provisions of this Ordinance. Action by the District Attorney following that notice shall supplant the ability to file a citizen suit, but if the District Attorney does not diligently pursue the litigation, the right of the Citizen-Plaintiffs to initiate a suit shall not be impaired.

Section 14. Severability.

The provisions of this Ordinance are severable. If any section or provision of this Ordinance is determined to be illegal, invalid or unconstitutional by a court of competent jurisdiction, such decision of the court shall not affect or invalidate any of the remaining sections or provisions of this Ordinance. It is the express intent of the people of Humboldt County, California that this Ordinance would have been adopted if such illegal, invalid, or unconstitutional section or provision had not been included.

Section 15. Effective Date.

This Ordinance shall take effect thirty (30) days after adoption by the voters.

Section 16. Interpretation.

In the event this Ordinance requires interpretation (by courts, county officials, or anyone else), it is the express intent of the people of Humboldt County that this Ordinance be construed in such a manner to carry out the original intent of this Initiative, which is to eliminate non-local corporate influence from the Humboldt County electoral process.

## IMPARTIAL ANALYSIS BY COUNTY COUNSEL
## MEASURE T

This measure seeks voter approval for the adoption of a Humboldt County ordinance intended to prohibit non-local corporations from making direct or indirect contributions in local elections. The prohibition on corporate contributions would apply to all local election campaigns, including elections for public office, as well as campaigns for initiative measures, referendums and recalls. It would apply to elections conducted by any public agency located wholly within the geographical boundaries of Humboldt County, including elections conducted by cities, by special districts, or by the County of Humboldt. It would not, however, apply to statewide elections, or elections by agencies whose territory includes more than one county.

A "non-local corporation" is defined as any corporation or organization that does not meet the definition of "local corporation" or "local labor organization" or "local nonprofit organization." A local corporation is one in which all employees reside in Humboldt County, its primary place of business is in Humboldt County, its corporate headquarters are in Humboldt County, and all shares of stock (if any) are owned by individuals residing in the county. A local labor organization is one in which at least one member resides in Humboldt County. A local nonprofit organization is one in which all members of the board of directors reside in Humboldt County.

The measure would prohibit non-local corporations from paying or contributing, directly or indirectly, any money, property, compensated service of its officers or employees, or any other thing of value for the purpose of promoting or defeating the candidacy of any person to any local public office, or to promote or defeat any local initiative, referendum or recall.

The measure would have no affect on the rights of any individual corporate employee, trustee, director, or shareholder to contribute money, services or property, as otherwise allowed by state or federal law.

Violations of the ordinance would be enforceable by the District Attorney, and if the District Attorney failed to bring a legal suit to enforce the ordinance, by means of citizen lawsuits. The ordinance imposes a monetary penalty on violations in the amount of ten times the amount illegally contributed.

If approved by a simple majority of qualified voters, the ordinance would take effect thirty days thereafter.

Prepared by Humboldt County Counsel