

PAUL J. BEARD II, No. 210563
E-mail:  pjb@pacificlegal.org
DAMIEN M. SCHIFF, No. 235101
E-mail:  dms@pacificlegal.org
BRANDON M. MIDDLETON, No. 255699
E-mail: bmm@pacificlegal.org
Pacific Legal Foundation
3900 Lennane Drive, Suite 200
Sacramento, California 95834
Telephone:  (916) 419-7111
Facsimile:  (916) 419-7747

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MERCER, FRASER CO., a California corporation; and
O & M INDUSTRIES, a California corporation,

        Plaintiffs,

    v.

COUNTY OF HUMBOLDT, CALIFORNIA, a
political subdivision of the State of California,

        Defendant.

No. CV 08-4098-SI

**MEMORANDUM OF
POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR
TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW
CAUSE RE: PRELIMINARY
INJUNCTION**

Judge:  Hon. Susan Illston
Courtroom 10, 19th Floor
Time:
Date:

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ............................. 1

INTRODUCTION .......................................................... 1

FACTUAL BACKGROUND ................................................. 1

LEGAL STANDARD ....................................................... 3

ARGUMENT .............................................................. 4

I.   PLAINTIFFS WILL SUFFER IRREPARABLE INJURY IF DEFENDANT IS NOT IMMEDIATELY RESTRAINED FROM ENFORCING MEASURE T, AND THUS THE BALANCE OF HARMS WEIGHS IN PLAINTIFFS' FAVOR ......... 4

II.  PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS OF THEIR CLAIM THAT MEASURE T VIOLATES THE RIGHTS TO FREEDOM OF SPEECH AND EQUAL PROTECTION OF THE LAWS SECURED BY THE FIRST AND FOURTEENTH AMENDMENTS .............. 6

   A.   Legal Framework for First Amendment Protection of Corporate Political Speech .................................. 6

   B.   Because Measure T's *Prohibitions* Are Neither Narrowly Tailored To Achieve a Compelling Governmental Interest, Nor Closely Drawn To Match a Sufficiently Important Interest, Measure T Is Unconstitutional ......... 8

   C.   Because Measure T's Prohibitions Do Not Even *Serve* a Compelling or Important Government Interest, Its Corporate Political Speech Limitations Are Unconstitutional ....................... 10

   D.   Because Measure T's *Classifications* Burdening Free Speech Rights Are Not Narrowly Tailored To Achieve a Compelling State Interest, They Are Unconstitutional ..................... 12

III. THE PUBLIC INTEREST FAVORS PRELIMINARY EQUITABLE RELIEF ..... 14

IV.  THE BOND REQUIREMENT SHOULD BE WAIVED, OR BOND SHOULD BE SET AT A NOMINAL AMOUNT ...................... 15

CONCLUSION .......................................................... 16

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

# TABLE OF AUTHORITIES

**Page**

### Cases

*Austin v. Mich. Chamber of Commerce*, 494 U.S. 652 (1990) . . . . . . . . . . . . . . 6, 8-10, 12-13

*Barahona-Gomez v. Reno*, 167 F.3d 1228 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Bartels v. Biernat*, 405 F. Supp. 1012 (E.D. Wis. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Buckley v. Valeo*, 424 U.S. 1 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*California ex rel. Van De Kamp v. Tahoe Regional Planning Agency*,
766 F.2d 1319 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Chabad of Southern Ohio & Congregation Lubavitch v. City of Cincinnati*,
363 F.3d 427 (6th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Earth Island Inst. v. U.S. Forest Serv.*, 351 F.3d 1291 (9th Cir. 2003) . . . . . . . . . . . . . . . . . 3-4

*Elrod v. Burns*, 427 U.S. 347 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-5

*Fed. Election Comm'n v. Beaumont*, 539 U.S. 146 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Fed. Election Comm'n v. Nat'l Conservative Political Action Comm.*,
470 U.S. 480 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8, 10

*Fed. Election Comm'n v. Wisconsin Right to Life, Inc.*, 127 S. Ct. 2652 (2007) . . . . . . 7, 9-10

*First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765 (1978) . . . . . . . . . . . . . . . . . . . 6, 8-9, 11

*Gitlow v. New York*, 268 U.S. 652 (1925) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Grosjean v. Am. Press Co.*, 297 U.S. 233 (1936) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Heckler v. Mathews*, 465 U.S. 728 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Mardi Gras of San Luis Obispo v. City of San Luis Obispo*,
189 F. Supp. 2d 1018 (C.D. Cal. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*McConnell v. Fed. Election Comm'n*, 540 U.S. 93 (2003) . . . . . . . . . . . . . . . . . . . . . . . 6-7, 9

*McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Monterey County Democratic Cent. Comm. v. United States Postal Serv.*,
812 F.2d 1194 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 15

*NAACP v. Button*, 371 U.S. 415 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Napa Valley Publishing Co. v. City of Calistoga*,
225 F. Supp. 2d 1176 (N.D. Cal. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 15

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

**Page**

*One World One Family Now, Inc. v. City of Key West*,
852 F. Supp. 1005 (S.D. Fla. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*One World One Family Now, Inc. v. Nevada*, 860 F. Supp. 1457 (D. Nev. 1994) . . . . . . . . 14

*Phelps-Roper v. Nixon*, 509 F.3d 480 (8th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Reynolds v. Sims*, 377 U.S. 533 (1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Rice v. Cayetano*, 941 F. Supp. 1529 (D. Haw. 1996),
*aff'd*, 146 F.3d 1075 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Richey v. Tyson*, 120 F. Supp. 2d 1298 (S.D. Ala. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Romer v. Evans*, 517 U.S. 620 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*S.O.C., Inc. v. County of Clark, Nev.*, 152 F.3d 1136 (9th Cir. 1998) . . . . . . . . . . . . . . . . 4-5

*Sammartano v. First Judicial District Court*, 303 F.3d 959 (9th Cir. 2002) . . . . . . . . . . . . 15

*Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . 15

*Sioux City Bridge Co. v. Dakota County*, 260 U.S. 441 (1923) . . . . . . . . . . . . . . . . . . . . . 12

*Smith v. Board of Elec. Comm'rs for City of Chicago*,
591 F. Supp. 70 (N.D. Ill. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Telemundo of Los Angeles v. City of Los Angeles*,
283 F. Supp. 2d 1095 (C.D. Cal. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Virginia v. Hicks*, 539 U.S. 113 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Westfield High School L.I.F.E. Club v. City of Westfield*,
249 F. Supp. 2d 98 (D. Mass. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**Constitution**

U.S. Const. amend. I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

U.S. Const. amend. XIV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

U.S. Const. amend. XIV, § 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**Statute**

29 U.S.C. § 152(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

Page

**Rules**

Fed. R. Civ. P. 65 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

Fed. R. Civ. P. 65(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

Fed. R. Civ. P. 65(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

Local Civil Rule 65-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

**Miscellaneous**

Gary Peller, *Cultural Imperialism, White Anxiety, and the*
*Ideological Realignment of* Brown, *in Race, Law & Culture*
(Austin Surat ed. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs Mercer, Fraser Co. and O & M Industries want to express their political views in the upcoming November 4, 2008, General Election in Humboldt County, but they are forbidden by law from doing so. The recently enacted "Humboldt County Ordinance to Protect Our Rights to Fair Elections and Local Democracy," known as Measure T, arbitrarily bans all political speech by non-local corporations, including by Plaintiffs. In their complaint, Plaintiffs challenge the constitutionality of Measure T, contending that it violates Plaintiffs' political free speech rights under the First and Fourteenth Amendments to the United States Constitution, as well as Plaintiffs' right to be free from arbitrary, irrational, and speech-burdening regulation under the Equal Protection Clause of the Fourteenth Amendment. In light of the scope of Measure T's ban, and the settled law that gives substantial protection even to corporate political speech, Plaintiffs have a strong probability of prevailing on their claims.

But Plaintiffs cannot wait for the resolution of the merits of this case to vindicate their rights, because the upcoming County election on November 4, 2008, involves issues and candidacies of considerable importance to them, and on which they are ready and able to express their views. Measure T is presently chilling, during the current election season, the protected political speech of Plaintiffs and other "non-local corporations." Preliminary equitable relief is therefore necessary to avoid irreparable injury to Plaintiffs and similarly situated corporations. Moreover, such relief would directly serve the public interest, and, given the First Amendment freedoms that are at stake, would harm no one.

Therefore, Plaintiffs respectfully request that the Court grant their application, pursuant to Federal Rule of Civil Procedure (FRCP) 65, and Local Civil Rule 65-1, for a temporary restraining order (TRO) and preliminary injunction enjoining enforcement of Measure T.

## FACTUAL BACKGROUND

On June 6, 2006, the voters of Humboldt County approved Measure T. *See* First Am. Compl. Exh. 1. Listed under Measure T's "Findings and General Purpose" are the brazen assertions that:

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

(2)  Only natural persons possess civil and political rights.  Corporations are creations of state law and possess no legitimate civil or political rights.

(3)  Courts have illegitimately defined corporations as "persons," allegedly vesting corporations with constitutional protections and rights.  The unconstitutional doctrines of "corporate personhood" and "corporate constitutional rights" illegitimately deny the people of Humboldt County the ability to exercise our fundamental political rights.

*See id*. § 3, subparas. 2-3.  The stated specific purpose of Measure T is "to prohibit non-local corporations from making direct or indirect contributions and independent expenditures in all elections within the jurisdiction of Humboldt County."  *Id*. § 4.

A "local corporation," to which the provisions of Measure T do not apply, is defined as a corporation in which all employees reside in Humboldt County, the corporation's principal place of business and headquarters are located in Humboldt County, all shareholders reside in Humboldt County, and no shareholder is a corporation. *Id*. § 11.  A "local labor organization," which is also exempt, is defined as a labor organization, qualifying as such under the National Labor Relations Act, in which at least one member resides in Humboldt County.  *See id*.  Measure T makes no distinction between incorporated and unincorporated local labor organizations.  *See id*.

Measure T prohibits a non-local corporation from contributing or expending anything of value, directly or indirectly, to promote or defeat the candidacy of any person for a local office, or to promote or defeat any local initiative, referendum, or recall election.  *Id*. § 5. Measure T imposes a penalty of ten times the amount illegally contributed or expended.  It also directs the district attorney to initiate corporate charter revocation proceedings if the amount illegally contributed or expended exceeds $25,000.  *Id*. § 12.  Although providing several "legislative" findings decrying the supposed baneful effect of corporations on local elections, *see id*. §§ 4-8, Measure T contains *no* findings supporting the assertion that non-labor-oriented corporations have any worse effect on local elections than incorporated labor organizations.

Plaintiff Mercer, Fraser Co. is a corporation organized under the laws of the State of California.  *See* Declaration of Justin Zabel (Zabel Decl.), ¶ 2.  Mercer's current corporate charter was issued by the Secretary of State in 1948.  *Id*.  Mercer is a successful asphalt paving, highway and heavy construction business located in Eureka, California.  *Id*.  Approximately 98 percent of

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

Mercer's employees live in Humboldt County. *Id.* ¶ 3. Nevertheless, under Measure T, Mercer is a non-local corporation.

Plaintiff O & M Industries is also a corporation organized under the laws of the State of California. *See* Declaration of Rob McBeth (McBeth Decl.), ¶ 2. O & M's current corporate charter was issued by the Secretary of State in 1972. *Id.* O & M is a successful manufacturer focusing on steel fabrication and heat, ventilation, and air conditioning systems. *Id.* Approximately three quarters of O & M's employees live in Humboldt County. *Id.* ¶ 3. Under Measure T, O & M is considered a non-local corporation.

Both Mercer and O & M have a present desire to speak in the upcoming November, 2008, general election in Humboldt County. Specifically, both would contribute and expend money or other things in value in connection with the race for the Second District Board of Supervisors seat for Humboldt County. Zabel Decl. ¶ 4; McBeth Decl. ¶ 4. Yet neither will speak in the upcoming general election for fear of prosecution for violation Measure T. Zabel Decl. ¶ 6; McBeth Decl. ¶ 6. Absent a TRO and preliminary injunction forbidding enforcement of Measure T pending resolution of this case, Plaintiffs and other similarly situated corporations will be prohibited from expressing their political views on issues of significant import to their businesses, employees, and customers.

## LEGAL STANDARD

FRCP 65 governs the district courts' issuance of preliminary equitable relief. Consistent with that Rule, to obtain a TRO or preliminary injunction,

> a plaintiff must show "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995). Alternatively, a court may grant the injunction if the plaintiff "demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor." *Id.* (citations omitted) (emphasis in original). "These two alternatives represent 'extremes of a single continuum,' rather than two separate tests." *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810 (9th Cir. 2003). "Thus, the greater the relative hardship to [the party seeking the preliminary injunction,] the less probability of success must be shown." *Id.* (citation omitted) (alteration in original).

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

*Earth Island Inst. v. U.S. Forest Serv.*, 351 F.3d 1291, 1297-98 (9th Cir. 2003). The standard for granting a TRO is the same as that for a preliminary injunction. *See Rice v. Cayetano*, 941 F. Supp. 1529, 1537 (D. Haw. 1996), *aff'd*, 146 F.3d 1075 (9th Cir. 1998). Although normally a TRO must expire within ten days of its issuance, a district court may, for good cause shown, extend the TRO's application. *See* FRCP 65(b)(2).

When First Amendment freedoms are concerned, the requirements for preliminary equitable relief are more easily met. First, any unconstitutional speech restriction, lasting for even a short period of time, constitutes an irreparable injury supporting such relief. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); *S.O.C., Inc. v. County of Clark, Nev.*, 152 F.3d 1136, 1148 (9th Cir. 1998) (same); *see also Telemundo of Los Angeles v. City of Los Angeles*, 283 F. Supp. 2d 1095, 1103 (C.D. Cal. 2003); *Napa Valley Publishing Co. v. City of Calistoga*, 225 F. Supp. 2d 1176, 1197-98 (N.D. Cal. 2002); *Mardi Gras of San Luis Obispo v. City of San Luis Obispo*, 189 F. Supp. 2d 1018, 1035-36 (C.D. Cal. 2002).

Second, the public-interest factor weighs heavily in favor of granting preliminary equitable relief in free-speech cases. In *Napa Valley*, a newspaper publishing company brought a First Amendment challenge to a local ordinance requiring permits to install newsracks and limiting the number of newsracks at certain locations. *Napa Valley*, 225 F. Supp. 2d at 1179. The company applied for a preliminary injunction, and this Court granted it in part, observing that "[c]ourts have consistently recognized the public interest in safeguarding First Amendment rights." *Id.* at 1197.

**ARGUMENT**

**I**

**PLAINTIFFS WILL SUFFER IRREPARABLE
INJURY IF DEFENDANT IS NOT IMMEDIATELY
RESTRAINED FROM ENFORCING MEASURE T, AND THUS
THE BALANCE OF HARMS WEIGHS IN PLAINTIFFS' FAVOR**

Plaintiffs will suffer irreparable harm if a temporary restraining order does not issue at this time. In just two months, the November 4, 2008, election will take place. The upcoming election includes many County and municipal issues and candidacies of importance to Plaintiffs. If they

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

are to have any impact on the these issues, Plaintiffs must be able to participate—through contributions and expenditures—in the political process.  Plaintiffs are ready, willing, and financially capable of participating.  *See* Zabel Decl. ¶ 4; McBeth Decl. ¶ 4.  But Measure T silences Plaintiffs, and Plaintiffs will not participate in this election for fear of prosecution for violation of Measure T's prohibitions.  Zabel Decl. ¶ 6; McBeth Decl. ¶ 6.

Plaintiffs are non-local corporations under Measure T and are therefore subject to Measure T's total prohibition on "non-local corporation" political expenditures and contributions.  Plaintiffs are presently and continuously injured by Measure T's total ban on nonlocal corporation campaign contributions and expenditures because Plaintiffs are and will continue to be unable to participate in any meaningful way in any upcoming local election by directly and indirectly supporting and opposing candidates, referenda, initiatives, and the like through contributions and expenditures.  Specifically, Plaintiffs will be unable to contribute and expend money or other things of value in connection with the race for the Second District Board of Supervisors seat for Humboldt County.  Zabel Decl. ¶ 4; McBeth Decl. ¶ 4. Adjudication of Plaintiffs' claims cannot be obtained in the normal course, owing to the ongoing election season and the imminence of the November, 2008, general election.  Preliminary injunctive relief is particularly appropriate in this case, where fundamental speech rights are at issue.  *See Elrod*, 427 U.S. at 373 (plurality opinion) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); *S.O.C., Inc. v. County of Clark, Nev.*, 152 F.3d at 1148 (same).

On the other hand, the County and the public will suffer little to no harm if Plaintiffs and others similarly situated are permitted to engage in political speech this election season, pending the resolution of the merits of this case.  Plaintiffs themselves are businesses in excellent standing in the County.  *See* Zabel Decl. ¶ 2; McBeth Decl. ¶ 2.  Neither has ever been accused or found guilty of any corruption of a County campaign or election.  Nor is there any evidence—either in Measure T or anywhere else—that "non-local" corporations have had a corrupting influence on politics with the County at any time prior to the law's passage.  The irrational biases against non-local corporations that are reflected in Measure T's "legislative findings" fail to establish

///

otherwise.   Therefore, the balance of harms decidedly favors the granting of a TRO and preliminary injunction.

**II**

**PLAINTIFFS ARE LIKELY TO SUCCEED ON THE
MERITS OF THEIR CLAIM THAT MEASURE T
VIOLATES THE RIGHTS TO FREEDOM OF SPEECH
AND EQUAL PROTECTION OF THE LAWS SECURED
BY THE FIRST AND FOURTEENTH AMENDMENTS**

**A.   Legal Framework for First Amendment
Protection of Corporate Political Speech**

The First Amendment to the United States Constitution provides, in relevant part, that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend. I.  The same prohibition is applied to state and local governments by the First Amendment's incorporation into the Fourteenth Amendment. U.S. Const. amend. XIV.  Like the federal government, state and local governments may not abridge the right to free speech. *Gitlow v. New York*, 268 U.S. 652, 666 (1925).  The freedom of speech is considered one of the Nation's most sacred rights. *See Monterey County Democratic Cent. Comm. v. United States Postal Serv.*, 812 F.2d 1194, 1196 (9th Cir. 1987) ("The values embodied in the First Amendment . . . constitut[e] the hallmark of free societies.").

It is well established that corporations enjoy the speech protections of the First Amendment, just as noncorporate persons do. *See First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 784 (1978); *NAACP v. Button*, 371 U.S. 415, 428-29 (1963); *Grosjean v. Am. Press Co.*, 297 U.S. 233, 244 (1936).  But the level of First Amendment protection afforded to corporations engaged in campaign speech is less than it is for individuals.  The government may restrict a corporation's ability to contribute to or expend monies or things of value in connection with elections, so long as the restriction passes constitutional muster. *See, e.g., Austin v. Mich. Chamber of Commerce*, 494 U.S. 652 (1990) (upholding state statute banning direct corporate expenditures in favor of or against candidates for state office); *McConnell v. Fed. Election Comm'n*, 540 U.S. 93, 206 (2003) (upholding Bipartisan Campaign Reform Act's (BCRA) limitation of corporate-funded "express advocacy" and "functional equivalent" ads).

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1    The constitutional tests that the courts apply to regulations of corporate campaign speech

2    differ according to the type of speech at issue.    Courts distinguish between corporate

3    *contributions*—which are monies given to a campaign that are spent for political speech—and

4    corporate *expenditures*—which are monies spent by the corporation itself for its own political

5    speech.    *See Buckley v. Valeo*, 424 U.S. 1, 20-21 (1976).    Contribution limitations are subject to

6    lesser scrutiny than expenditure limitations.    The distinction is justified on the belief that, "[w]hile

7    contributions may result in political expression if spent by a candidate or association . . . , the

8    transformation of contributions into political debate involves speech by someone other than the

9    contributor."    *Fed. Election Comm'n v. Beaumont*, 539 U.S. 146, 161-62 (2003) (quoting *Buckley*,

10   424 U.S. at 20-21).

11   Limitations on corporate campaign contributions are constitutional if they are closely

12   drawn to match a sufficiently important interest.    *Beaumont*, 539 U.S. at 162.    Only the

13   government's interest in preventing actual or apparent corruption in elections has been found

14   sufficiently important to justify contribution limitations.    As the United States Supreme Court has

15   explained, "preventing corruption or the appearance of corruption are the ***only*** legitimate and

16   compelling government interests thus far identified for restricting campaign finances."    *Fed.*

17   *Election Comm'n v. Nat'l Conservative Political Action Comm.*, 470 U.S. 480, 496-497 (1985)

18   (emphasis added).

19   By contrast, limitations on corporate campaign expenditures are subject to "exacting

20   scrutiny," because they restrict speech that is "at the core of our electoral process and of the First

21   Amendment freedoms."    *See Buckley*, 424 U.S. at 39, 44.    *See also McConnell*, 540 U.S. at 134

22   (opinion of Stevens & O'Connor, JJ.).    To justify a limitation on a corporation's independent

23   expenditure of funds in support of or against a political office candidate, initiative, or referendum,

24   the government must demonstrate that its pursuit of a compelling state interest is narrowly tailored

25   to protect that interest.    *See McConnell*, 540 U.S. at 204-207; *Fed. Election Comm'n v. Wisconsin*

26   *Right to Life, Inc. (WRTL)*, 127 S. Ct. 2652, 2664, 2671 (2007); *see also McConnell*, 540 U.S. at

27   204 (noting that BCRA does not impose a "complete ban" on corporate expression).    As with

28   corporate contribution limitations, only the government's interest in preventing actual or apparent

corruption in elections has been found to be compelling enough to justify corporate expenditure limitations. *Austin*, 494 U.S. at 660. No other interest has ever been found adequate to justify corporate campaign speech limitations. *See Fed. Election Comm'n v. Nat'l Conservative Political Action Comm.*, 470 U.S. at 496-97 ("[P]reventing corruption or the appearance of corruption are the only legitimate and compelling government interests thus far identified for restricting campaign finances."); *Austin*, 494 U.S. at 658 (same).

Finally, there are some kinds of corporate political speech that enjoy absolute protection. Government may under no circumstances ban corporate-funded issue advocacy, or corporate expenditures on referenda and initiatives. *See WRTL*, 127 S. Ct. at 2672; *Bellotti*, 435 U.S. at 791-92. There is no "important" or "compelling" interest that will justify such a ban—not even the interest in preventing actual or apparent corruption.[1]

**B.  Because Measure T's *Prohibitions* Are Neither Narrowly Tailored To Achieve a Compelling Governmental Interest, Nor Closely Drawn To Match a Sufficiently Important Interest, Measure T Is Unconstitutional**

Regardless of the government interest it purports to advance, Measure T is palpably unconstitutional because of the sweeping scope and severity of its prohibitions. Measure T imposes an ***absolute*** ban on ***all*** direct and indirect contributions, as well as independent expenditures, by non-local corporations, that are intended to promote or defeat the candidacy of any person for local office, or to promote or defeat any local initiative, referendum,[2] or recall

///

///

---

[1] In *WRTL*, the principal issue was the BCRA's prohibition of corporate-funded ads aired within 30 days of a federal primary election or 60 days of a federal general election. *See WRTL*, 127 S. Ct. at 2660.

[2] In *Richey v. Tyson*, 120 F. Supp. 2d 1298 (S.D. Ala. 2000), decided prior to *WRTL*, the court reviewed the constitutionality of state reporting, recordation, and organization requirements for corporate political action committee (PAC) expenditures pertaining to referenda. The court, deeming the referenda-related expenditures the equivalent of express advocacy, *see id.* at 1310, upheld the state regulations under strict scrutiny review, *see id.* at 1310-26. Although the court's categorization of referenda-related expenditures as express advocacy is likely incorrect, given that the fear of corrupting quid pro quos is not present with referenda and initiative elections (as opposed to candidate elections), nevertheless Measure T goes far beyond the statute at issue in *Richey* in imposing a total ban on referenda- and initiative-related corporate expenditures.

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

election.  In other words, Measure T goes far beyond what is necessary to achieve a lawful government interest, being neither narrowly tailored nor even closely drawn to advance such an interest.

The County's purported justification for this total ban is the alleged corrupting influence of corporate-funded campaign contributions and expenditures, in the creation of the appearance (or the actual fact) of quid pro quos, *cf. Buckley*, 424 U.S. at 26-27, 45, or, alternatively, "the corrosive and distorting effects of immense aggregations of wealth that are accumulated with the help of the corporate form and that have little or no correlation to the public's support for the corporation's political ideas," *Austin*, 494 U.S. at 659-60.  *Cf.* First Am. Compl. Exh. 1, § 3, subparas. 4-8.  But, as discussed above, the Supreme Court has already determined that such interests cannot justify a limitation on corporate-funded issue advocacy, *see WRTL*, 127 S. Ct. at 2672, nor a ban on expenditures relating to referenda and initiatives, *see Bellotti*, 435 U.S. at 791-92.  And the same Court has *never* countenanced a *total ban* on all corporate contributions *and* expenditures,[3] as Measure T imposes.  Measure T therefore infringes upon Plaintiffs' free speech rights, even assuming that it advances a legitimate government interest.  Given that Measure T substantially impinges upon protected speech in the scope and severity of its prohibitions, a TRO and preliminary injunction suspending its effect pending resolution of this case on the merits are appropriate.  *See Virginia v. Hicks*, 539 U.S. 113, 120 (2003).  *Cf. McConnell*, 540 U.S. at 207.

---

[3]  The closest the Court has ever come is *Austin*, and even there the Court, in upholding a state ban on independent corporate expenditures made in connection with state office elections, noted that the challenged law "does not impose an *absolute* ban on all forms of corporate political spending but permits corporations to make independent political expenditures through separate segregated funds."  *Austin*, 494 U.S. at 660.  *See id*. at 669 (Brennan, J., concurring).  In contrast, Measure T does not offer any segregated fund option.

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

**C. Because Measure T's Prohibitions Do Not Even *Serve* a Compelling or Important Government Interest, Its Corporate Political Speech Limitations Are Unconstitutional**

As the Supreme Court has routinely observed, and as noted above, a limitation on corporate electoral speech can be justified only if the limitation serves to prevent corruption or the appearance of corruption. *See Austin*, 494 U.S. at 658; *Nat'l Conservative Political Action Comm.*, 470 U.S. at 496-97. Specifically, the limitation must be aimed to eliminate (1) financial quid pro quos, or (2) the supposed corrosive effects of large corporate wealth expended in elections.[4] *See Austin*, 494 U.S. at 659-60. While the County undoubtedly will claim that Measure T advances these interests, Measure T itself reveals that it does not.

Measure T's findings and exemptions reveals, not a concern for corruption-free elections, but irrational animus against non-local corporations as such and the political views they may express. The measure's findings include baseless accusations about non-local corporations, while failing to explain why *local* corporations or incorporated *unions* are exempt from those same accusations. Measure T proclaims that "[c]orporate contributions in electoral politics interfere with the right of the people to create and maintain the institutions needed for democratic self-governance," First Am. Compl. Exh. 1, § 3 subpara. 4, "are imminently undermining [Humboldt County's] democratic processes," *id.* § 3 subpara. 7, and "pose a genuine threat to the confidence of the citizenry of Humboldt County in our government," *id.* § 3 subpara. 6. Measure T also says that "non-local corporate contributions are . . . creating the appearance of impropriety and corruption, and are causing the people of Humboldt County to lose confidence in the integrity of our elections and in our government." *Id.* § 3 subpara.7. But Measure T explicitly exempts non-local incorporated labor entities from its prohibitions—even though they enjoy the same organizational structure as non-labor corporations and have been involved in many highly publicized corruption scandals. If corruption really were Measure T's concern, why would it exclude such a significant source of corruption?

---

[4] This latter justification has recently been called into question by some members of the High Court. *See WRTL*, 127 S. Ct. at 2679 (Scalia, J., concurring in part and concurring in the judgment) (joined by Kennedy and Thomas, JJ.) ("*Austin* was a significant departure from ancient First Amendment principles. In my view, it was wrongly decided.").

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

As is clear from Measure T's findings and exemptions, the real "interest" being served is either (1) the silencing of so-called "nonlocal" voices in local elections,[5] or (2) the muzzling of speech from certain *types* of corporations.[6]  But the Supreme Court has never found that a locality's interest in silencing "outsiders" trumps the constitutional rights of those outsiders.  *Cf. McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 357 (1995) (observing "the purpose behind the Bill of Rights, and of the First Amendment in particular:  to protect unpopular individuals from retaliation—and their ideas from suppression—at the hand of an intolerant society").  Indeed, the entire civil rights movement speaks heavily against Measure T's offensive parochialism.  *Cf.* Gary Peller, *Cultural Imperialism, White Anxiety, and the Ideological Realignment of* Brown, *in Race, Law & Culture* 190, 198 (Austin Surat ed. 1997) (noting southern parochialism to be an obstacle to *Brown* and desegregation).

Further, and as explained in greater detail in the proceeding section, that Measure T provides exemptions to *incorporated* labor organizations, and makes it much easier for labor organizations to qualify as "local," underscores that Measure T's purpose is simply to stifle certain viewpoints associated with corporations.  The First Amendment does not allow such a blatant form of viewpoint discrimination..  *See Bellotti*, 435 U.S. at 784-86 ("In the realm of protected speech, the legislature is constitutionally disqualified from dictating the subjects about which persons may speak and the speakers who may address a public issue. . . .  [W]here . . . the legislature's suppression of speech suggests an attempt to give one side of a debatable public question an advantage in expressing its views to the people, the First Amendment is plainly offended.") (footnote omitted); *see id*. at 802 (Berger, C.J., concurring) ("[T]he First Amendment does not 'belong' to any definable category of persons or entities:  It belongs to all who exercise its freedoms.").

---

[5] *See* First Am. Compl. Exh. 1, § 3 subpara. 2 (corporations possess no rights); § 3 subpara. 3 (courts have illegitimately invested corporations with constitutional rights); § 3 subparas. 7-8 (nonlocal corporations undermining local elections, creating appearance of impropriety, and injecting "outside influence" that is "unfair and undemocratic").

[6] *See* First Am. Compl. Exh. 1, §§ 10-11 (providing exemption to local labor organization, *whether or not incorporated*).

1    Additionally, neither of Plaintiffs' real interests has anything at all to do with corruption

2  in local campaigns. As to the first interest, barring nonlocal voices from local elections only serves

3  to narrow the public debate; it has no relation whatsoever to corruption through quid pro quos or

4  purported excessive influence. As to the second interest, preventing almost all non-labor-oriented

5  corporations from speaking, but allowing almost all labor-oriented corporations to speak freely,

6  cannot directly remediate any corruption, for the obvious reason that the orientation of a given

7  corporation has little if anything to do with its susceptibility to corruptive practices, or with the size

8  of its election war chest. Thus, the real interests motivating Measure T cannot justify its speech

9  limitations, because those interests fall far short of what the Supreme Court has required; and for

10  that reason as well, Measure T is unconstitutional.

11  **D. Because Measure T's *Classifications* Burdening Free**
   **Speech Rights Are Not Narrowly Tailored To Achieve**
12  **a Compelling State Interest, They Are Unconstitutional**

13    The Equal Protection Clause of the Fourteenth Amendment provides that no state (and by

14  necessary implication no subdivision of a state) shall deny to any person within its jurisdiction the

15  equal protection of the laws. *See* U.S. Const. amend. XIV, § 1. A law violates the Equal

16  Protection Clause if it unconstitutionally uses classifications to treat similarly situated individuals

17  or groups differently. *See Reynolds v. Sims*, 377 U.S. 533, 565 (1964) ("[T]he concept of equal

18  protection has been traditionally viewed as requiring the uniform treatment of persons standing in

19  the same relation to the governmental action questioned or challenged."). When a fundamental

20  right—like the right to free speech—is at issue, the classification triggers strict scrutiny: The law

21  will be found to violate the Equal Protection Clause if the law is not narrowly tailored to serve a

22  compelling interest. *Austin*, 494 U.S. at 666. As the Supreme Court explained:

23    "'The purpose of the equal protection clause of the Fourteenth Amendment is to
    secure every person within the State's jurisdiction against intentional and arbitrary
24    discrimination, whether occasioned by express terms of a statute or by its improper
    execution through duly constituted agents.'"

25

26  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (quoting *Sioux City Bridge*

27  *Co. v. Dakota County*, 260 U.S. 441, 445 (1923)). *Cf. Romer v. Evans*, 517 U.S. 620, 633 (1996)

28  ("A law declaring that in general it shall be more difficult for one group of citizens than for all

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

others to seek aid from the government is itself a denial of equal protection of the laws in the most literal sense.").

Measure T, through its definitions of "local corporation" and "local labor organization," imposes its prohibitions disproportionately on corporate enterprises as opposed to incorporated labor organizations. The ordinance hinges "labor organization" status on the National Labor Relation Act's definition, *see* First Am. Compl. Exh. 1, § 11, which includes both incorporated and unincorporated organizations. *See* 29 U.S.C. § 152(5). Assuming *arguendo* that an important or compelling government interest justifies campaign contribution and expenditure limitations on corporations, there is *no* legitimate basis for concluding that the alleged corrupting effects of corporate campaign speech are any greater than campaign speech from incorporated labor organizations.[7] Measure T's classification not only lacks the support of a compelling government interest, it is also totally arbitrary and irrational. By including the vast majority of non-labor-oriented corporations within its ambit, but at the same time exempting nearly all labor-oriented corporations, Measure T functions like an ill-guided blunderbuss. It is not narrowly tailored to achieve any compelling interest in corruption-free elections.

Measure T, through its definitions of "local corporation" and "local labor organization," also imposes its prohibitions disproportionately on corporate enterprises as opposed to labor organizations by its conception of a "local" entity. To qualify as "local," a corporation must establish that (1) all employees reside in Humboldt County, (2) the corporation's principal place of business and headquarters are located in Humboldt County, (3) all shareholders reside in Humboldt County, and (4) no shareholder is a corporation. *See* First Am. Compl. Exh. 1, § 11. In contrast, a labor organization, to qualify as "local," need only establish that (1) it qualifies as a labor organization under the National Labor Relations Act, and (2) at least one member resides in Humboldt County. *See id.*

///

---

[7]  *Cf. Austin*, in which the Court rejected an equal protection challenge to an exemption for unincorporated labor unions from a state law ban on direct corporate expenditures. *See Austin*, 494 U.S. at 665-66. As noted in the text, Measure T makes no such distinction, affording an exemption to "local labor organizations" whether or not incorporated.

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1    Assuming *arguendo* that a compelling interest exists to impose campaign contribution and

2   expenditure limitations on "non-local" corporations, there is no legitimate basis for making the

3   standard for "local" much more difficult to achieve for corporations as opposed to labor

4   organizations.  Therefore, in its disparate treatment of corporations as opposed to incorporated

5   labor organizations, Measure T's prohibitions and exemptions are not narrowly tailored to achieve

6   a compelling interest (and thus necessarily are not reasonably related to a legitimate end), in

7   violation of the Equal Protection Clause.  Moreover, Measure T fails to treat similarly situated

8   groups in a like manner, in violation of the Equal Protection Clause.  Therefore, Measure T cannot

9   be applied constitutionally. *Cf. Heckler v. Mathews*, 465 U.S. 728, 738 (1984) (appropriate remedy

10   for Equal Protection Clause violation is expansion of exemption to all members of improperly

11   targeted class).

12                                              **III**

13                           **THE PUBLIC INTEREST FAVORS
                            PRELIMINARY EQUITABLE RELIEF**

14

15    Measure T amounts to a flagrant flouting of free speech and other constitutional rights

16   enjoyed by corporate persons, a point as much as admitted in the Measure's preamble.  *See* First

17   Am. Compl. Exh. 1, § 3 subparas. 2-3.  Therefore, an injunction here forbidding Defendant to

18   enforce Measure T would vindicate the constitutional rights of Plaintiffs and other "non-local

19   corporations," and would thus very much further the public interest.  *See, e.g.*, *Phelps-Roper v.

20   Nixon*, 509 F.3d 480, 485 (8th Cir. 2007) (observing that it "is always in the public interest to

21   protect constitutional rights"); *Chabad of Southern Ohio & Congregation Lubavitch v. City of

22   Cincinnati*, 363 F.3d 427, 436 (6th Cir. 2004) (holding that "the public interest is served by

23   preventing the violation of constitutional rights").  *Cf. One World One Family Now, Inc. v.

24   Nevada*, 860 F. Supp. 1457, 1464 (D. Nev. 1994) ("'[T]he public's interest in safeguarding the

25   fundamental rights of the First Amendment outweighs any competing public interest in the

26   maintenance of the public walkways.'") (quoting *One World One Family Now, Inc. v. City of Key

27   West*, 852 F. Supp. 1005, 1013 (S.D. Fla. 1994)).

28   ///

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

As the Ninth Circuit has observed:

> The public interest inquiry primarily addresses impact on non-parties rather than parties. . . . Courts considering requests for preliminary injunctions have consistently recognized the significant public interest in upholding First Amendment principles. *See Homans v. Albuquerque*, 264 F.3d 1240, 1244 (10th Cir. 2001) ("[W]e believe that the public interest is better served by following binding Supreme Court precedent and protecting the core First Amendment right of political expression."); *Iowa Right to Life Comm'e, Inc. v. Williams*, 187 F.3d 963, 970 (8th Cir. 1999) (finding a district court did not abuse its discretion in granting a preliminary injunction because "the potential harm to independent expression and certainty in public discussion of issues is great and the public interest favors protecting core First Amendment freedoms"); *Suster v. Marshall*, 149 F.3d 523, 530 (6th Cir. 1998) (holding candidates for judicial office were entitled to preliminary injunction of expenditure limit given likelihood of success on the merits, irreparable harm and lack of public interest in enforcing a law that curtailed political speech); *Elam Constr., Inc. v. Regional Transp. Dist.*, 129 F.3d 1343, 1347 (10th Cir. 1997) (stating, in context of a request for injunctive relief, that "[t]he public interest . . . favors plaintiffs' assertion of their First Amendment rights"); *G & V Lounge, Inc. v. Mich. Liquor Control Com'n*, 23 F.3d 1071, 1079 (6th Cir. 1994) (noting "it is always in the public interest to prevent the violation of a party's constitutional rights"); *Cate v. Oldham*, 707 F.2d 1176, 1190 (11th Cir. 1983) (holding the "strong public interest in protecting First Amendment values" favored preliminary injunctive relief).

*See Sammartano v. First Judicial District Court*, 303 F.3d 959, 974 (9th Cir. 2002). *Cf. Monterey County Democratic Cent. Comm. v. United States Postal Serv.*, 812 F.2d 1194, 1196 (9th Cir. 1987) ("The values embodied in the First Amendment . . . constitut[e] the hallmark of free societies."), *quoted in Napa Valley Publishing Co.*, 225 F. Supp. 2d at 1198. As is clear from the foregoing, preliminary equitable relief would directly benefit the public by ensuring free and open speech during a local election season; an injunction would harm no one. The public interest therefore favors such relief.

## IV

## THE BOND REQUIREMENT SHOULD BE WAIVED, OR BOND SHOULD BE SET AT A NOMINAL AMOUNT

FRCP 65(c) requires that, prior to the issuance of an injunction, the movant post bond "in an amount that the court considers proper." FRCP 65(c). The Ninth Circuit has consistently interpreted Rule 65(c) to allow district courts to impose either a nominal bond, or no bond at all. *See Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1126 (9th Cir. 2005). Waiver of a bond is justified when an injunction is unlikely to result in harm to the party enjoined, the exercise of

constitutional rights is at issue or when a suit is brought in the public interest. *See Westfield High School L.I.F.E. Club v. City of Westfield*, 249 F. Supp. 2d 98, 128-29 (D. Mass. 2003); *Smith v. Board of Elec. Comm'rs for City of Chicago*, 591 F. Supp. 70, 72 (N.D. Ill. 1984) *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999); *California ex rel. Van De Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1325-26 (9th Cir. 1985).

As explained above, preliminary relief is unlikely to cause any harm to the County. There is no evidence that Plaintiffs' exercise of their speech rights has ever caused injury to the County or its citizens in the past; and there is no reason to believe that their speech would result in injury to the County this election season. Even if the County could show "harm," it would be impossible to quantify it for purposes of a bond posting. *Bartels v. Biernat*, 405 F. Supp. 1012, 1019 (E.D. Wis. 1975) (justifying bond waiver in part on grounds that "the amount of any order for bond or security would be based on gross speculation or conjecture"). Moreover, this case involves the fundamental constitutional rights to free speech and equal protection, and is brought in the public interest. To require a bond in this case "would have the effect of discouraging suits to remedy more flagrant abuses" of individual rights by government. *Id.* Plaintiffs therefore respectfully request that FRCP 65(c)'s bond requirement be either waived or set at a nominal amount.

## CONCLUSION

For these reasons, Plaintiffs request that the Court issue a TRO and preliminary injunction.

DATED: September 3, 2008.

Respectfully submitted,

PAUL J. BEARD II
DAMIEN M. SCHIFF
BRANDON M. MIDDLETON

By ___/s/ Damien M. Schiff_____
          DAMIEN M. SCHIFF

Attorneys for Plaintiffs

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

**DECLARATION OF SERVICE BY FACSIMILE AND MAIL**

I, Damien M. Schiff, declare as follows:

I am a resident of the State of California, residing or employed in Sacramento, California.

I am over the age of 18 years and am not a party to the above-entitled action.

My business address is 3900 Lennane Drive, Suite 200, Sacramento, California 95834.

On September 3, 2008, true copies of MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION were faxed and placed in envelopes addressed to:

> Board of Supervisors
> County of Humboldt
> Attn:  Kathy Hayes, Clerk of the Board
> 825 - 5th Street, Room 111
> Eureka, CA  95501
> Fax:  (707) 445-7299
>
> Ms. Wendy B. Chaitin
> Interim County Counsel
> County of Humboldt
> 825 - 5th Street
> Eureka, CA  95501
> Fax:  (707) 445-6297

which envelopes, with postage thereon fully prepaid, were then sealed and deposited in a mailbox regularly maintained by the United States Postal Service in Sacramento, California.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 3rd day of September, 2008, at Sacramento, California.


_____/s/ Damien M. Schiff_____
DAMIEN M. SCHIFF

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

PAUL J. BEARD II, No. 210563
E-mail:  pjb@pacificlegal.org
DAMIEN M. SCHIFF, No. 235101
E-mail:  dms@pacificlegal.org
BRANDON M. MIDDLETON, No. 255699
E-mail:  bmm@pacificlegal.org
Pacific Legal Foundation
3900 Lennane Drive, Suite 200
Sacramento, California 95834
Telephone:  (916) 419-7111
Facsimile:  (916) 419-7747

Attorneys for Plaintiffs

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA  95834
(916) 419-7111 FAX (916) 419-7747

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCER, FRASER CO., a California corporation; and O & M INDUSTRIES, a California corporation,<br><br>        Plaintiffs,<br><br>     v.<br><br>COUNTY OF HUMBOLDT, CALIFORNIA, a political subdivision of the State of California<br><br>        Defendant. | No. CV 08-4098 SI<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Judge:  Hon. Susan Illston<br>Courtroom 10, 19th Floor |

### INTRODUCTION

1.      Plaintiffs Mercer, Fraser Co., and O & M Industries, challenge the constitutionality of the "Humboldt County Ordinance to Protect Our Right to Fair Elections and Local Democracy," known as "Measure T," a true and correct copy of which is attached hereto as Exhibit 1, and incorporated by reference.  Measure T forbids all election-related contributions and expenditures by nonlocal corporations.  Plaintiffs contend that Measure T violates Plaintiffs' political free speech rights under the First Amendment of the Federal Constitution, as incorporated against municipalities by the Due Process Clause of the Fourteenth Amendment, as well as Plaintiffs' right to be free from arbitrary and irrational discrimination that impacts the exercise of said speech rights, as protected by the Equal Protection Clause of the Fourteenth Amendment.  Plaintiffs seek

a declaratory judgment that Measure T is unconstitutional and void, as well as preliminary and permanent prohibitory injunctions forbidding its enforcement.

### JURISDICTION

2.      This Court has subject matter jurisdiction of the action pursuant to 28 U.S.C. § 1331 (federal question); § 1343(a)(3) (constitutional violation under color of state law); § 2201 (authorizing declaratory relief); and § 2202 (authorizing injunctive relief).  Plaintiffs' claims for relief arise under the First and Fourteenth Amendments, and Plaintiffs seek redress pursuant to 42 U.S.C. § 1983 for deprivations, under color of municipal law, for deprivations of their rights secured under the same Amendments.

### VENUE

3.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this district.

### INTRADISTRICT ASSIGNMENT

4.      Pursuant to Civil Local Rule 3-2(c), this action arises in the County of Humboldt because a substantial part of the events or omissions giving rise to the claims occurred in that County.  Pursuant to Civil Local Rule 3-2(d), this action should be assigned to either the San Francisco or Oakland Division.

### NATURE OF THIS ACTION

5.      This action is authorized by Section 1 of the Civil Rights Act of 1871, 17 Stat. 13, as amended, *see* 42 U.S.C. § 1983, to prevent the deprivation, under color of state law, of rights secured by the First and Fourteenth Amendments to the United States Constitution.  Section 1983 provides, in relevant part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

///

///

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1

**PARTIES**

2

**The Plaintiffs**

3          6.          Plaintiff Mercer, Fraser Co., is a corporation organized under the laws of the State

4    of California.  Plaintiff's current corporate charter was issued by the California Secretary of State

5    in 1948.  Plaintiff is a successful asphalt paving, highway and heavy construction business located

6    in Eureka, California.  Approximately 98% of Plaintiff's employees live in Humboldt County.  A

7    corporation may maintain an action under Section 1983.

8          7.          Plaintiff Mercer, Fraser is considered a nonlocal corporation under Measure T and

9    is therefore subject to Measure T's total prohibition on "nonlocal corporation" political

10   expenditures and contributions.

11         8.          Prior to Measure T's passage, Plaintiff Mercer, Fraser contributed to local election

12   campaigns, and also purchased its own advertisements in local newspapers to support local

13   candidacies.  But for Measure T's prohibitions, Plaintiff would, directly and indirectly, expend and

14   contribute money and other things of value in local elections within Humboldt County.

15         9.          Since November, 2007, Plaintiff Mercer, Fraser has neither expended nor

16   contributed money or other things of value in an election in Humboldt County, and will not do so,

17   for fear of prosecution for violation of Measure T's prohibitions.

18         10.         Therefore, Measure T, since its passage and continuously since then and to the

19   present, has worked upon Plaintiff Mercer, Fraser concrete and discrete injuries to its rights under

20   the First and Fourteenth Amendments.

21         11.         Plaintiff Mercer, Fraser would receive redress for its injuries by a favorable decision

22   from this Court.  A declaration that Measure T is unconstitutional and a permanent injunction

23   enjoining its enforcement would permit Plaintiff to expend and contribute money and other things

24   of value in local elections within Humboldt County.

25         12.         Plaintiff O & M Industries is a corporation organized under the laws of the State

26   of California.  Plaintiff's current corporate charter was issued by the California Secretary of State

27   in 1972.  Plaintiff is a successful manufacturer focusing on steel fabrication and heat, ventilation,

28   and air conditioning systems.  (The company built the famed steel Coke bottle located in the left

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

field seats at the San Francisco Giants' ATT Park.)  A corporation may maintain an action under Section 1983.

13.    Approximately three quarters of Plaintiff O & M Industries's employees live within the Humboldt County, but Plaintiff is considered a nonlocal corporation under Measure T because the remainder of its workforce resides outside the County.  Therefore, Plaintiff is subject to Measure T's total prohibition on "nonlocal corporation" political expenditures and contributions.

14.    Prior to Measure T's passage, Plaintiff O & M Industries contributed to a local election campaign.  But for Measure T's prohibitions, Plaintiff would, directly and indirectly, expend and contribute money and other things of value in local elections within Humboldt County.

15.    Since Measure T's passage, Plaintiff O & M Industries has not and will not expend and contribute money and other things of value, for fear of prosecution for violation of Measure T's prohibitions.

16.    Therefore, Measure T, since its passage and continuously since then and to the present, has worked upon Plaintiff O & M Industries concrete and discrete injuries to its rights under the First and Fourteenth Amendments.

17.    Plaintiff O & M Industries would receive redress for its injuries by a favorable decision from this Court.  A declaration that Measure T is unconstitutional and a permanent injunction enjoining its enforcement would permit Plaintiff to expend and contribute money and other things of value in local elections within Humboldt County.

**The Defendant**

18.    Defendant County of Humboldt is a political subdivision of the State of California. A county is a "person" within the meaning of 42 U.S.C. § 1983.  Defendant is principally responsible for the implementation and enforcement of Measure T.

### GENERAL ALLEGATIONS

### Measure T

19.    Measure T, otherwise known as the "Humboldt County Ordinance to Protect Our Right to Fair Elections and Local Democracy," forbids all election-related contributions and expenditures by nonlocal corporations.

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

Non-local corporations shall be prohibited from paying or contributing, directly or indirectly, any money, property, compensated service of its officers or employees, independent expenditures, or any other thing of value for the purpose of:

a)    Promoting or defeating the candidacy of any person for nomination, appointment or election to any political office within the jurisdiction of Humboldt County; or

b)    Promoting or defeating any initiative, referendum or recall election within the jurisdiction of Humboldt County, California.

*See* Exh. 1, § 5.  The ordinance was enacted by the voters of Humboldt County at the June, 2006, general election.

20.    Listed under Measure T's "Findings and General Purpose" are the assertions that

2)    Only natural persons possess civil and political rights.  Corporations are creations of state law and possess no legitimate civil or political rights.

3)    Courts have illegitimately defined corporations as "persons," allegedly vesting corporations with constitutional protections and rights. The unconstitutional doctrines of "corporate personhood" and "corporate constitutional rights" illegitimately deny the people of Humboldt County the ability to exercise our fundamental political rights.

*See id.* § 3, subparas. 2-3.

21.    The stated specific purpose of Measure T is "to prohibit non-local corporations from making direct or indirect contributions and independent expenditures in all elections within the jurisdiction of Humboldt County."  *Id*. § 4.  Further, the ordinance states that "[n]o corporation shall be entitled to claim corporate constitutional rights or protections in an effort to overturn this law."  *Id*. § 8.

22.    A "local corporation," to which the provisions of Measure T do not apply, is defined as a corporation in which all employees reside in Humboldt County, the corporation's principal place of business and headquarters are located in Humboldt County, and all shareholders reside in Humboldt County, and no shareholder is a corporation.  *Id*. § 11.  A "local labor organization," which is also exempt, is defined as a labor organization qualifying as such under the National Labor Relations Act in which at least one member resides in Humboldt County.  *See id*. Measure T makes no distinction between incorporated and unincorporated local labor organizations.

23. Measure T prohibits a nonlocal corporation from contributing or expending anything of value, directly or indirectly, to promote or defeat the candidacy of any person for a local office, or to promote or defeat any local initiative, referendum, or recall election. *Id*. § 5.

24. Measure T imposes a penalty of ten times the amount illegally contributed or expended. It also directs the district attorney to initiate corporate charter revocation proceedings if the amount illegally contributed or expended exceeds $25,000. *Id*. § 12.

**INJUNCTIVE RELIEF ALLEGATIONS**

25. Plaintiffs hereby reallege and incorporate by reference the allegations contained in Paragraphs 1 through 24 as though fully set forth herein.

26. If an injunction does not issue enjoining Defendant from enforcing Measure T, Plaintiffs will be irreparably harmed. Plaintiffs are presently and continuously injured by Measure T's total ban on nonlocal corporation campaign contributions and expenditures because Plaintiffs are and will continue to be unable to participate in any meaningful way in any upcoming local election by directly and indirectly supporting and opposing candidates, referenda, initiatives, and the like through contributions and expenditures.

27. If not enjoined by this Court, Defendant will continue to enforce Measure T in derogation of Plaintiffs' rights.

28. Plaintiffs have no plain, speedy, and adequate remedy at law. Damages are indeterminate or unascertainable and, in any event, would not fully redress Plaintiffs' harm.

29. Accordingly, injunctive relief is appropriate.

**DECLARATORY RELIEF ALLEGATIONS**

30. Plaintiffs hereby reallege and incorporate by reference the allegations contained in Paragraphs 1 through 29 as though fully set forth herein.

31. An actual and substantial controversy exists between Plaintiffs and Defendant over the constitutionality of Measure T's total ban on nonlocal corporation campaign contributions and expenditures. Plaintiffs contend that Measure T is unconstitutional. Plaintiffs are informed and believe, and on that basis allege, that Defendant contends that Measure T is constitutional.

///

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

32.    This case is presently justiciable because Defendant's enforcement of Measure T has caused and will continue to cause immediate and concrete injuries to Plaintiffs by preventing Plaintiffs from expending or contributing anything of value in connection with a local election or campaign.  Plaintiffs have expended and contributed in the past, and would continue to do so in the present but for the existence of Measure T.

33.    Declaratory relief is, therefore, appropriate to resolve this controversy.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**Violation of the Free Speech Clause of the First Amendment,
as Incorporated Against Municipalities by the Fourteenth Amendment
(Pursuant to 42 U.S.C. § 1983)
(Declaratory and Injunctive Relief)**

34.    Plaintiffs hereby incorporate by reference the allegations of Paragraphs 1 through 33.

35.    The First Amendment provides, in relevant part, that "Congress shall make no law . . . abridging the freedom of speech."  U.S. Const. amend. I.  The First Amendment has been incorporated against the states and their subdivisions by the Due Process Clause of the Fourteenth Amendment.

36.    Corporations enjoy the free speech protections of the First and 14th Amendments.

37.    Measure T burdens Plaintiffs' constitutionally protected core political speech in violation of Plaintiffs' free speech rights under the First and 14th Amendments to the United States Constitution.  Measure T prohibits Plaintiffs and similarly situated corporations from making election-related contributions and expenditures.

38.    The standard for determining the constitutionality of a restriction on corporate campaign speech varies depending upon whether the speech in question takes the form of a campaign contribution or campaign expenditure.

39.    The Free Speech Clause forbids corporate contribution limitations unless they are closely drawn to match a sufficiently important interest.

///

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

40.    A regulation cannot be closely drawn to match any interest in ensuring corruption-free elections, where the regulation imposes an *absolute* ban on all direct *and* indirect contributions.

41.    Measure T is not closely drawn to achieving any interest in corruption-free elections because it bans *all* direct *and* indirect campaign contributions.

42.    The Free Speech Clause forbids corporate expenditure limitations unless those limitations are narrowly tailored to achieve a compelling government interest.

43.    Measure T's prohibition on corporate expenditures does not narrowly achieve any compelling interest in avoiding the alleged corrupting influence of corporate election funding, because it imposes a total ban on *all* contributions *and* expenditures of any value by a nonlocal corporation, in connection with any local election, initiative, or recall.

44.    Because Measure T is not closely drawn to achieve any interest in corruption-free elections, it is unconstitutional and void.

45.    Because Measure T is not narrowly tailored to achieve a compelling government interest, it is unconstitutional and void.

## SECOND CLAIM FOR RELIEF

### Violation of Equal Protection Clause of the Fourteenth Amendment
### (Pursuant to 42 U.S.C. § 1983)
### (Declaratory and Injunctive Relief)

46.    Plaintiffs hereby incorporate by reference the allegations of Paragraphs 1 through 45.

47.    A law violates the Equal Protection Clause if the law (1) uses classifications that trench upon political speech rights, and (2) is not narrowly tailored to serve a compelling interest.

48.    A law also violates the Equal Protection Clause if it fails to treat similarly situated groups in a like manner.

49.    A corporation is a "person" within the meaning of the Equal Protection Clause.

50.    Measure T, through its definitions of "local corporation" and "local labor organization," imposes its prohibitions disproportionately on corporate enterprises as opposed to incorporated labor organizations.

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

51.     There is no compelling interest for Measure T's disparate treatment of incorporated labor organizations versus non-labor-oriented corporations:  the alleged corrupting influences of the corporate form are no more significant with the latter than with the former.

52.     Therefore, in its disparate treatment of corporations as opposed to incorporated labor organizations, Measure T fails to classify persons in a manner narrowly tailored to achieving any compelling interest, in violation of the Equal Protection Clause.

53.     Further, Measure T, through its definitions of "local corporation" and "local labor organization," imposes its prohibitions disproportionately on corporate enterprises as opposed to labor organizations by its conception of a "local" entity.  To qualify as "local," a corporation must establish that (1) all employees reside in Humboldt County, (2) the corporation's principal place of business and headquarters are located in Humboldt County, (3) all shareholders reside in Humboldt County, and (4) no shareholder is a corporation.  *See* Exh. 1, § 11.  In contrast, a labor organization, to qualify as "local," need only establish that (1) it is deemed a labor organization under the National Labor Relations Act, and (2) at least one member resides in Humboldt County.  *See id*.

54.     There is no compelling interest for making the standard for "local" much more difficult to achieve for corporations as opposed to labor organizations, because the alleged corrupting effects of nonlocal influence on local elections is as much present with labor organizations as it is with non-labor-oriented corporations; and further, because the "localness" of a legal entity is independent of whether it is a labor organization or a non-labor-oriented corporation.

55.     Measure T, by using such disproportionate criteria, is not narrowly tailored to achieving any compelling interest, in violation of the Equal Protection Clause.

56.     Because Measure T exempts certain organizations from its prohibition in a manner that offends the Equal Protection Clause, an appropriate remedy is the extension of its exemptions to the improperly targeted class.

///

///

# PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment as follows:

1.    For a declaration that Measure T, as applied to Plaintiffs, abridges the freedom of speech protected by the First Amendment, as incorporated into the Fourteenth Amendment, by impermissibly burdening protected political speech;

2.    For a preliminary and permanent prohibitory injunction forbidding Defendant and its agents, employees, officers, and representatives from enforcing, or attempting to enforce, Measure T and any subsequently adopted and similar ordinance;

3.    For a declaration that Measure T violates the Equal Protection Clause of the Fourteenth Amendment by impermissibly distinguishing between corporations and incorporated labor organizations, and by impermissibly distinguishing between the standard for local corporations as opposed to local labor organizations, in providing an exemption to Measure T's prohibitions;

4.    For preliminary and permanent mandatory injunction requiring Defendant and its agents, employees, officers, and representatives to provide Plaintiffs an exemption from Measure T's prohibitions;

5.    For preliminary and permanent prohibitory injunction enjoining Defendant and its agents, employees, officers, and representatives from enforcing or attempting to enforce Measure T, now and in the future;

6.    For an award, pursuant to 42 U.S.C. § 1988(b), of reasonable attorneys' fees, expenses, and costs; and

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

7.      For such other relief as the Court deems just and proper.

DATED:  September 3, 2008.

                                        Respectfully submitted,

                                        PAUL J. BEARD II
                                        DAMIEN M. SCHIFF
                                        BRANDON M. MIDDLETON


                                        By   /s/ Damien M. Schiff
                                                DAMIEN M. SCHIFF

                                        Attorneys for Plaintiffs MERCER, FRASER
                                        CO., a California corporation; and O & M
                                        INDUSTRIES, a California corporation

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1st Amended Complaint for Declaratory
& Injunctive Relief - No. CV 08-4098 SI              - 11 -

## DECLARATION OF SERVICE BY FACSIMILE AND MAIL

I, Damien M. Schiff, declare as follows:

I am a resident of the State of California, residing or employed in Sacramento, California.

I am over the age of 18 years and am not a party to the above-entitled action.

My business address is 3900 Lennane Drive, Suite 200, Sacramento, California 95834.

On September 3, 2008, true copies of FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF were faxed and placed in envelopes addressed to:

Board of Supervisors
County of Humboldt
Attn: Kathy Hayes, Clerk of the Board
825 - 5th Street, Room 111
Eureka, CA 95501
Fax: (707) 445-7299

Ms. Wendy B. Chaitin
Interim County Counsel
County of Humboldt
825 - 5th Street
Eureka, CA 95501
Fax: (707) 445-6297

which envelopes, with postage thereon fully prepaid, were then sealed and deposited in a mailbox regularly maintained by the United States Postal Service in Sacramento, California.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 3rd day of September, 2008, at Sacramento, California.

_____/s/ Damien M. Schiff_____
DAMIEN M. SCHIFF

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

**Exhibit 1**

# HUMBOLDT COUNTY ORDINANCE TO PROTECT OUR RIGHT TO FAIR ELECTIONS & LOCAL DEMOCRACY MEASURE T

THE PEOPLE OF HUMBOLDT COUNTY ORDAIN AS FOLLOWS: TO PROTECT OUR RIGHT TO FAIR ELECTIONS AND LOCAL DEMOCRACY WE PROHIBIT NON-LOCAL CORPORATE CONTRIBUTIONS TO ELECTIONS

**Section 1. Name.**
The name of this Ordinance shall be the "Humboldt County Ordinance to Protect Our Right to Fair Elections & Local Democracy."

**Section 2. Authority.**
This Ordinance is adopted and enacted pursuant to the authority guaranteed to the people of Humboldt County by all relevant state and federal Constitutions and laws, including, but not limited to, the following:

(a) The California Constitution, Article I, Section 1, which states: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

(b) The California Constitution, Article II, Section 1, which states: "All political power is inherent in the people. Government is instituted for their protection, security, and benefit, and they have the right to alter or reform it when the public good may require."

(c) The people's historical memory of Article XII, Section 8, found in the California Constitution for almost a century, from 1879 to 1972, which stated: "...the exercise of the police power of the State shall never be so abridged or construed as to permit corporations to conduct their business in such a manner as to infringe the rights of individuals or the general well-being of the state."

(d) The United States Constitution, and the 9th Amendment to the United States Constitution, which recognize and secure the fundamental and inalienable right of people to govern themselves.

**Section 3. Findings and General Purpose.**
1) In a Democratic Republic all legitimate political power is held by the people, and government exercises just power only with the consent of the governed. The people create their government for their protection and benefit, and retain their right to alter their government whenever they deem the public good requires it.

2) Only natural persons possess civil and political rights. Corporations are creations of state law and possess no legitimate civil or political rights.

3) Courts have illegitimately defined corporations as "persons," allegedly vesting corporations with constitutional protections and rights. The unconstitutional doctrines of "corporate personhood" and "corporate constitutional rights" illegitimately deny the people of Humboldt County the ability to exercise our fundamental political rights.

4) Corporate contributions in electoral politics interfere with the right of the people to create and maintain the institutions needed for democratic self-governance.

5) The people of Humboldt County make the affirmative legislative finding that corporate contributions in elections are imminently undermining our democratic processes, and are denigrating rather than protecting First Amendment interests.

6) The people of Humboldt County make the affirmative legislative finding that corporate contributions in elections pose a genuine threat to the confidence of the citizenry of Humboldt County in our government.

7) The people of Humboldt County make the affirmative legislative finding that non-local corporate contributions are undermining our democratic processes, creating the appearance of impropriety and corruption, and are causing the people of Humboldt County to lose confidence in the integrity of our elections and in our government.

8) Corporations whose owners and employees reside in our local community are more accountable to the people who live here. People who do not live in Humboldt County should not be allowed to use their positions of corporate control and ownership to influence or undermine local elections through their corporate financial resources. This outside influence is unfair and undemocratic, and it is causing the people of Humboldt County to lose confidence in the integrity of our elections and in our government.

**Section 4. Specific Purpose.**
The specific purpose of this Ordinance is to prohibit non-local corporations from making direct or indirect contributions and independent expenditures in all elections within the jurisdiction of Humboldt County, including candidate campaigns, initiatives, referendums and recalls.

**Section 5. Prohibitions.**
Non-local corporations shall be prohibited from paying or contributing, directly or indirectly, any money, property, compensated service of its officers or employees, independent expenditures, or any other thing of value for the purpose of:

a) Promoting or defeating the candidacy of any person for nomination, appointment or election to any political office within the jurisdiction of Humboldt County; or

b) Promoting or defeating any initiative, referendum or recall election within the jurisdiction of Humboldt County, California.

**Section 6. Statement of Law.**
The Prohibitions in Section Five shall not apply to any election in which the jurisdiction includes counties other than Humboldt County, California.

**Statement 7. Statement of Law.**
The Prohibitions in Section Five shall apply to all municipalities, districts and special districts in which the jurisdictions are located wholly within the geographical boundaries of Humboldt County, California.

**Section 8. Statement of Law.**
No corporation shall be entitled to claim corporate constitutional rights or protections in an effort to overturn this law.

**Section 9. Statement of Law.**
Nothing in this Ordinance prevents individual corporate employees, trustees, directors, or shareholders from voluntarily and without coercion by the corporation contributing their own personal money or uncompensated services in elections to the extent allowed under state and federal campaign finance laws.

**Section 10. Exemptions.**
1) Local corporations shall be specifically exempted from the prohibitions in Section Five of this Ordinance.

2) Local labor organizations shall be specifically exempted from the prohibitions in Section Five of this Ordinance.

3) Local nonprofit organizations shall be specifically exempted from the prohibitions in Section Five of this Ordinance.

**Section 11. Definitions.**
Unless otherwise expressly stated, the following words and phrases in this Ordinance shall have the following meaning:

CORPORATION: An organization incorporated under the laws of the State of California or holding a Certificate of Authority to do Business within the State of California; or an organization incorporated under the laws of any state in the United States; also includes limited liability partnerships and limited liability companies; also includes organizations operating as nonprofits as defined by the Internal Revenue Service Code and Regulations, with the exception of political parties.

LOCAL CORPORATION: A corporation in which all employees reside in Humboldt County, and has its primary place of business in Humboldt County, and has its corporate headquarters located in Humboldt County, and all shares of stock (if any) are owned by individuals residing in Humboldt County, and no portion of the corporation is owned by another corporation.

LOCAL LABOR ORGANIZATION: A labor organization as defined by the National Labor Relations Act in which at least one member resides in Humboldt County. Also includes labor unions and trade unions with at least one member who resides in Humboldt County.

LOCAL NONPROFIT ORGANIZATION: An organization classified as a nonprofit organization under Internal Revenue Service Code and Regulations in which all members of the board of directors reside in Humboldt County.

(CONTINUES ON 12-502)

**(CONTINUED FROM 12-501)**

NON-LOCAL CORPORATION: Any corporation or organization that does not meet the above definition of "Local Corporation" or "Local Labor Organization" or "Local Nonprofit Organization."

PERSON or PEOPLE: Human beings.

**Section 12. Enforcement.**

Any non-local corporation found to have contributed directly or indirectly any money, property, compensated service of its officers or employees, independent expenditures, or any other thing of value to political campaigns, initiatives, referendums shall pay to the County of Humboldt ten (10) times the amount the corporation inappropriately contributed.

If any non-local corporation is found to have contributed (directly or indirectly) more than $25,000 to any political campaigns, initiatives or referendums in violation of this Ordinance, the Humboldt County District Attorney shall petition the California Attorney General to:

a) Initiate a charter revocation proceeding against the corporation if the corporation is chartered in California, or

b) Initiate a proceeding to revoke the corporation's Certificate of Authority to do Business in California if the corporation is not chartered in California.

Any violation of this Ordinance shall give rise to a mandatory duty on the part of the District Attorney to enforce this Ordinance. If the District Attorney fails to bring an action to enforce this Ordinance, any natural person residing in Humboldt shall have standing before the Court for enforcement as described in Section 13.

**Section 13. Citizen Suits.**

This Ordinance creates and vests in every citizen of Humboldt County the right to sue to compel compliance with this Ordinance. All actions shall be brought in the Superior Court of California, County of Humboldt.

Citizen-Plaintiffs shall notify the District Attorney in writing of their intent to sue, and the District Attorney shall have fourteen (14) days following receipt of the notice to initiate an action to enforce the provisions of this Ordinance. Action by the District Attorney following that notice shall supplant the ability to file a citizen suit, but if the District Attorney does not diligently pursue the litigation, the right of the Citizen-Plaintiffs to initiate a suit shall not be impaired.

**Section 14. Severability.**

The provisions of this Ordinance are severable. If any section or provision of this Ordinance is determined to be illegal, invalid or unconstitutional by a court of competent jurisdiction, such decision of the court shall not affect or invalidate any of the remaining sections or provisions of this Ordinance. It is the express intent of the people of Humboldt County, California that this Ordinance would have been adopted if such illegal, invalid, or unconstitutional section or provision had not been included.

**Section 15. Effective Date.**

This Ordinance shall take effect thirty (30) days after adoption by the voters.

**Section 16. Interpretation.**

In the event this Ordinance requires interpretation (by courts, county officials, or anyone else), it is the express intent of the people of Humboldt County that this Ordinance be construed in such a manner to carry out the original intent of this Initiative, which is to eliminate non-local corporate influence from the Humboldt County electoral process.

**IMPARTIAL ANALYSIS BY COUNTY COUNSEL MEASURE T**

This measure seeks voter approval for the adoption of a Humboldt County ordinance intended to prohibit non-local corporations from making direct or indirect contributions in local elections. The prohibition on corporate contributions would apply to all local election campaigns, including elections for public office, as well as campaigns for initiative measures, referendums and recalls. It would apply to elections conducted by any public agency located wholly within the geographical boundaries of Humboldt County, including elections conducted by cities, by special districts, or by the County of Humboldt. It would not, however, apply to statewide elections, or elections by agencies whose territory includes more than one county.

A "non-local corporation" is defined as any corporation or organization that does not meet the definition of "local corporation" or "local labor organization" or "local nonprofit organization." A local corporation is one in which all employees reside in Humboldt County, its primary place of business is in Humboldt County, its corporate headquarters are in Humboldt County, and all shares of stock (if any) are owned by individuals residing in the county. A local labor organization is one in which at least one member resides in Humboldt County. A local nonprofit organization is one in which all members of the board of directors reside in Humboldt County.

The measure would prohibit non-local corporations from paying or contributing, directly or indirectly, any money, property, compensated service of its officers or employees, or any other thing of value for the purpose of promoting or defeating the candidacy of any person to any local public office, or to promote or defeat any local initiative, referendum or recall.

The measure would have no affect on the rights of any individual corporate employee, trustee, director, or shareholder to contribute money, services or property, as otherwise allowed by state or federal law.

Violations of the ordinance would be enforceable by the District Attorney, and if the District Attorney failed to bring a legal suit to enforce the ordinance, by means of citizen lawsuits. The ordinance imposes a monetary penalty on violations in the amount of ten times the amount illegally contributed.

If approved by a simple majority of qualified voters, the ordinance would take effect thirty days thereafter.

Prepared by Humboldt County Counsel

1  PAUL J. BEARD II, No. 210563
   E-mail:  pjb@pacificlegal.org
2  DAMIEN M. SCHIFF, No. 235101
   E-mail:  dms@pacificlegal.org
3  BRANDON M. MIDDLETON, No. 255699
   E-mail:  bmm@pacificlegal.org
4  Pacific Legal Foundation
   3900 Lennane Drive, Suite 200
5  Sacramento, California 95834
   Telephone:  (916) 419-7111
6  Facsimile:  (916) 419-7747

7  Attorneys for Plaintiffs

8

9

10              UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13  MERCER, FRASER CO., a California corporation; and )          No. C 08-04098 SI
    O & M INDUSTRIES, a California corporation,       )
14                                                    )      **DECLARATION OF**
                                                      )      **DAMIEN M. SCHIFF IN**
15              Plaintiffs,                           )      **SUPPORT OF APPLICATION**
                                                      )      **FOR TEMPORARY**
16         v.                                         )      **RESTRAINING ORDER**
                                                      )
17  COUNTY OF HUMBOLDT, CALIFORNIA, a                 )
    political subdivision of the State of California  )      Judge:  Hon. Susan Illston
18                                                    )      Courtroom 10, 19th Floor
                Defendant.                            )      Time:
19  _____          )      Date:

20

21

22

23

24

25

26

27

28

Decl. of Damien M. Schiff
No. CV 08-04098 SI

*PACIFIC LEGAL FOUNDATION*
*3900 Lennane Drive, Suite 200*
*Sacramento, CA 95834*
*(916) 419-7111 FAX (916) 419-7747*

1.    I am an attorney of record in this case and represent Plaintiffs.  The facts stated in this declaration are within my personal knowledge.  I am personally aware of the facts set forth in this declaration and, if called as a witness, would testify thereto.

2.    On September 3, 2008, at about noon, I called counsel for Defendant County of Humboldt, Wendy Chaitin, and informed her of Plaintiffs' intent to seek a temporary restraining order on the morning of September 4, 2008, in this Court.

3.    Defendants' counsel stated that she would not be able to be present at the hearing to oppose Plaintiffs' motion for temporary restraining order.

4.    On September 3, 2008, I faxed to Ms. Chaitin, as well as to the Clerk of the Humboldt County Board of Supervisors, copies of all pleadings and filings that Plaintiffs rely upon in support of their Application for Temporary Restraining Order.  I also faxed to both the attached cover letter.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on the 3d day of September, 2008, in Sacramento, California.

       /s/ Damien M. Schiff
       DAMIEN M. SCHIFF

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1
## DECLARATION OF SERVICE BY FACSIMILE AND MAIL

2
I, Damien M. Schiff, declare as follows:

3
I am a resident of the State of California, residing or employed in Sacramento, California.

4
I am over the age of 18 years and am not a party to the above-entitled action.

5
My business address is 3900 Lennane Drive, Suite 200, Sacramento, California 95834.

6
On September 3, 2008, true copies of NOTICE OF MOTION AND MOTION FOR

7
PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES

8
IN SUPPORT THEREOF were faxed and placed in envelopes addressed to:

9
Board of Supervisors
County of Humboldt
10
Attn:  Kathy Hayes, Clerk of the Board
825 - 5th Street, Room 111
11
Eureka, CA  95501
Fax:  (707) 445-7299

12
Ms. Wendy B. Chaitin
13
Interim County Counsel
County of Humboldt
14
825 - 5th Street
Eureka, CA  95501
15
Fax:  (707) 445-6297

16
which envelopes, with postage thereon fully prepaid, were then sealed and deposited in a mailbox

17
regularly maintained by the United States Postal Service in Sacramento, California.

18
I declare under penalty of perjury that the foregoing is true and correct and that this

19
declaration was executed this 3rd day of September, 2008, at Sacramento, California.

20

21

22
_____/s/ Damien M. Schiff_____
DAMIEN M. SCHIFF
23

24

25

26

27

28

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA  95834
(916) 419-7111 FAX (916) 419-7747



# PACIFIC LEGAL FOUNDATION

September 3, 2008

Ms. Wendy Chaitin                                    **VIA FACSIMILE: (707) 445-6297**
County Counsel
County of Humboldt
825 - 5th Street
Eureka, CA 95501

Ms. Kathy Hayes                                      **VIA FACSIMILE: (707) 445-7299**
Clerk of the Board
County of Humboldt
825 - 5th Street, Room 111
Eureka, CA 95501

Re:    *Mercer, Fraser Co. v. County of Humboldt, California,*
       No. 08-CV-4098-SI (N.D. Cal.)

Dear Ms. Chaitin and Ms. Hayes:

Enclosed are faxed copies of the application for temporary restraining order (TRO) and
order to show cause re: preliminary injunction, and related materials, filed today by
Plaintiffs Mercer, Fraser Co. and O & M Industries. Plaintiffs intend to seek a TRO in the
Northern District of California, San Francisco Division, tomorrow, September 4, 2008.
Through the TRO, Plaintiffs seek to enjoin Defendant County of Humboldt, as well as its
employees, agents, officers, and representatives, from enforcing, attempting to enforce, or
in any other way giving legal effect to the "Humboldt County Ordinance to Protect Our
Right to Fair Elections and Local Democracy," known as "Measure T."

Yours sincerely,

DAMIEN M. SCHIFF
Attorney

Headquarters: 3900 Lennane Drive, Suite 200 • Sacramento, CA 95834 • (916) 419-7111 • Fax: (916) 419-7747
Alaska: 121 West Fireweed Lane, Suite 250 • Anchorage, AK 99503 • (907) 278-1731 • Fax: (907) 276-3887
Atlantic: 1002 SE Monterey Commons Blvd., Suite 102 • Stuart, FL 34996 • (772) 781-7787 • Fax: (772) 781-7785
Hawaii: P.O. Box 3619 • Honolulu, HI 96811 • (808) 733-3373 • Fax: (808) 733-3374 • Oregon: (503) 241-8179
Washington: 10940 NE 33rd Place, Suite 210 • Bellevue, WA 98004 • (425) 576-0484 • Fax: (425) 576-9565
E-mail: plf@pacificlegal.org • Web Site: www.pacificlegal.org

PAUL J. BEARD II, No. 210563
E-mail:  pjb@pacificlegal.org
DAMIEN M. SCHIFF, No. 235101
E-mail:  dms@pacificlegal.org
BRANDON M. MIDDLETON, No. 255699
E-mail:  bmm@pacificlegal.org
Pacific Legal Foundation
3900 Lennane Drive, Suite 200
Sacramento, California 95834
Telephone:  (916) 419-7111
Facsimile:  (916) 419-7747

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MERCER, FRASER CO., a California corporation; and
O & M INDUSTRIES, a California corporation,

    Plaintiffs,

    v.

COUNTY OF HUMBOLDT, CALIFORNIA, a
political subdivision of the State of California,

    Defendant.

No. CV 08-4098 SI

**DECLARATION OF
JUSTIN ZABEL IN SUPPORT
OF PLAINTIFFS'
APPLICATION FOR
TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW
CAUSE RE: PRELIMINARY
INJUNCTION**

Judge:  Hon. Susan Illston
Courtroom 10, 19th Floor
Time:
Date:

I, Justin Zabel, hereby declare as follows:

    1.    I am Vice President of Mercer, Fraser Co., one of the plaintiffs in this action, and make this declaration in support of Plaintiffs' motion for preliminary injunction.  I am personally aware of the facts set forth in this declaration and, if called as a witness, would testify thereto.

    2.    Mercer is a corporation organized under the laws of the State of California. Mercer's current corporate charter was issued by the Secretary of State in 1948.  Mercer is a successful asphalt paving, highway and heavy construction business located in Eureka, California.

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

3.    Approximately 98 percent of Mercer's employees live in Humboldt County.  Under Measure T, Mercer is considered a nonlocal corporation, so it is prohibited from making any election-related contributions and expenditures.

4.    Prior to Measure T's passage, Mercer contributed to local election campaigns, and also purchased its own advertisements in local newspapers to support local candidacies.  But for Measure T's prohibitions, Mercer would, directly and indirectly, expend and contribute money and other things of value in local elections within Humboldt County.  Specifically, Mercer would, directly and indirectly, expend and contribute money and other things of value in the Humboldt County Board of Supervisors election for the Second District in November, 2008, were it not for Measure T's prohibitions.  Measure T is preventing Mercer from expressing its political views this election season on matters of significant concern to its owners, employees, and customers, to their irreparable detriment.

5.    Since November, 2007, Mercer has neither expended nor contributed money or other things of value in local elections within Humboldt County, for fear of prosecution for violation of Measure T's prohibitions.

6.    Mercer will neither expend nor contribute money or other things of value, directly or indirectly, in local elections within Humboldt County for fear of prosecution for violation of Measure T's prohibitions.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on the 2ⁿᵈ day of September, 2008, in Eureka, California.

_____
JUSTIN ZABEL

**DECLARATION OF SERVICE BY FACSIMILE AND MAIL**

I, Damien M. Schiff, declare as follows:

I am a resident of the State of California, residing or employed in Sacramento, California.

I am over the age of 18 years and am not a party to the above-entitled action.

My business address is 3900 Lennane Drive, Suite 200, Sacramento, California 95834.

On September 3, 2008, true copies of DECLARATION OF JUSTIN ZABEL IN SUPPORT OF PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION were faxed and placed in envelopes addressed to:

> Board of Supervisors
> County of Humboldt
> Attn:  Kathy Hayes, Clerk of the Board
> 825 - 5th Street, Room 111
> Eureka, CA  95501
> Fax:  (707) 445-7299
>
> Ms. Wendy B. Chaitin
> Interim County Counsel
> County of Humboldt
> 825 - 5th Street
> Eureka, CA  95501
> Fax:  (707) 445-6297

which envelopes, with postage thereon fully prepaid, were then sealed and deposited in a mailbox regularly maintained by the United States Postal Service in Sacramento, California.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 3rd day of September, 2008, at Sacramento, California.

/s/ Damien M. Schiff
DAMIEN M. SCHIFF

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA  95834
(916) 419-7111 FAX (916) 419-7747

1  PAUL J. BEARD II, No. 210563
   E-mail:  pjb@pacificlegal.org
2  DAMIEN M. SCHIFF, No. 235101
   E-mail:  dms@pacificlegal.org
3  BRANDON M. MIDDLETON, No. 255699
   E-mail:  bmm@pacificlegal.org
4  Pacific Legal Foundation
   3900 Lennane Drive, Suite 200
5  Sacramento, California 95834
   Telephone:  (916) 419-7111
6  Facsimile:  (916) 419-7747

7  Attorneys for Plaintiffs

8

9                  UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

13  MERCER, FRASER CO., a California corporation; and )     No. CV 08-4098 SI
    O & M INDUSTRIES, a California corporation,        )
14                                                     )     **DECLARATION OF**
                  Plaintiffs,                          )     **ROB McBETH IN SUPPORT OF**
15                                                     )     **PLAINTIFFS' APPLICATION**
          v.                                           )     **FOR TEMPORARY**
16                                                     )     **RESTRAINING ORDER AND**
    COUNTY OF HUMBOLDT, CALIFORNIA, a                  )     **ORDER TO SHOW CAUSE RE:**
17  political subdivision of the State of California,  )     **PRELIMINARY INJUNCTION**
                                                       )
18                Defendant.                           )     Judge:  Hon. Susan Illston
                                                       )     Courtroom 10, 19th Floor
19  _____        )     Time:
                                                             Date:
20

21

22        I, Rob McBeth, hereby declare as follows:

23        1.       I am Vice President of O & M Industries, one of the plaintiffs in this action, and

24  make this declaration in support of Plaintiffs' motion for preliminary injunction.  I am personally

25  aware of the facts set forth in this declaration and, if called as a witness, would testify thereto.

26        2.       O & M is a corporation organized under the laws of the State of California.

27  O & M's current corporate charter was issued by the Secretary of State in 1972.  Headquartered in

28  Arcata, California, O & M is a successful manufacturer focusing on steel fabrication and heat,

*(left margin, vertical text)* PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1 ventilation, and air conditioning systems. (The company built the famed steel Coke bottle located

2 in the left field seats at the San Francisco Giants' ATT Park.) I and my brother John are the only

3 shareholders of the company.

4    3.    Approximately one quarter of O & M's employees live outside Humboldt County.

5 Therefore, under Measure T, O & M is considered a nonlocal corporation, so it is prohibited from

6 making any election-related contributions and expenditures.

7    4.    Prior to Measure T's passage, O & M contributed to a local election campaign.

8 But for Measure T's prohibitions, O & M would, directly and indirectly, expend and contribute

9 money and other things of value in local elections within Humboldt County. Specifically, O & M

10 would, directly and indirectly, expend and contribute money and other things of value in the

11 Humboldt County Board of Supervisors election for the Second District in November, 2008, were

12 it not for Measure T's prohibitions. Measure T is preventing O & M from expressing its political

13 views this election season on matters of significant concern to its owners, employees, and

14 customers, to their irreparable detriment.

15    5.    Since Measure T's passage, O & M has neither expended nor contributed money

16 or other things of value in local elections, for fear of prosecution for violation of Measure T's

17 prohibitions.

18    6.    O & M will neither expend nor contribute money or other things of value, directly

19 or indirectly, in local elections for fear of prosecution for violation of Measure T's prohibitions.

20    I declare under penalty of perjury of the laws of the State of California that the foregoing

21 is true and correct to the best of my knowledge and that this declaration was executed on the 3 rd

22 day of September, 2008, in Arcata, California.

23

24

25    ROB McBETH

26

27

28

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

**DECLARATION OF SERVICE BY FACSIMILE AND MAIL**

I, Damien M. Schiff, declare as follows:

I am a resident of the State of California, residing or employed in Sacramento, California.

I am over the age of 18 years and am not a party to the above-entitled action.

My business address is 3900 Lennane Drive, Suite 200, Sacramento, California 95834.

On September 3, 2008, true copies of DECLARATION OF ROB McBETH IN SUPPORT OF PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION were faxed and placed in envelopes addressed to:

Board of Supervisors
County of Humboldt
Attn: Kathy Hayes, Clerk of the Board
825 - 5th Street, Room 111
Eureka, CA 95501
Fax: (707) 445-7299

Ms. Wendy B. Chaitin
Interim County Counsel
County of Humboldt
825 - 5th Street
Eureka, CA 95501
Fax: (707) 445-6297

which envelopes, with postage thereon fully prepaid, were then sealed and deposited in a mailbox regularly maintained by the United States Postal Service in Sacramento, California.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 3rd day of September, 2008, at Sacramento, California.

/s/ Damien M. Schiff
DAMIEN M. SCHIFF

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

Declaration of Rob McBeth
No. CV 08-4098 SI

PAUL J. BEARD II, No. 210563
E-mail: pjb@pacificlegal.org
DAMIEN M. SCHIFF, No. 235101
E-mail: dms@pacificlegal.org
BRANDON M. MIDDLETON, No. 255699
E-mail: bmm@pacificlegal.org
Pacific Legal Foundation
3900 Lennane Drive, Suite 200
Sacramento, California 95834
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCER, FRASER CO., a California corporation; and O & M INDUSTRIES, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF HUMBOLDT, CALIFORNIA, a political subdivision of the State of California<br><br>Defendant. | No. C 08-04098 SI<br><br>**[PROPOSED]<br>ORDER GRANTING<br>PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Susan Illston<br>Courtroom 10, 19th Floor<br>Time:<br>Date: |

Having reviewed the motion and related papers of Plaintiffs Mercer, Fraser Co. and O & M Industries, and the opposition papers of Defendant County of Humboldt, California, and pursuant to Rule 52(a)(2) of the Federal Rules of Civil Procedure (FRCP), the Court makes the following findings of fact and conclusions of law:

1. Plaintiffs are considered non-local corporations under the "Humboldt County Ordinance to Protect Our Right to Fair Elections and Local Democracy," known as "Measure T." *See* Compl. Exh. 1, § 11. Consequently, Plaintiffs are forbidden, under pain of civil penalties and corporate charter revocation, from contributing or expending, directly or indirectly, any money or

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

anything of value in favor or against any candidate for office, or in favor or against any initiative or referendum, within the jurisdiction of Humboldt County. *See id.* §§ 5, 12.

2. But for Measure T, Plaintiffs would contribute and expend money and other things of value for and against candidates for local office, and for or against local initiatives and referenda. Specifically, in the upcoming November, 2008, general election, Plaintiffs would contribute and expend money or other things of value in connection with the campaign for Second District Board of Supervisors seat for Humboldt County, *see* Zabel Decl. ¶ 4; McBeth Decl. ¶ 4, were it not for Measure T's speech prohibitions. *see* Zabel Decl. ¶ 6; McBeth Decl. ¶ 6.

3. Under the First and Fourteenth Amendments, a municipality may restrict corporate campaign contributions so long as the restrictions are closely drawn to match a sufficiently important interest. *See Fed. Elec. Comm'n v. Beaumont*, 539 U.S. 146, 162 (2003). In contrast, to justify a limitation on a corporation's independent expenditure of funds in support of or against a political office candidate, initiative, or referendum, the municipality must demonstrate that its pursuit of a compelling state interest—usually "the corrosive and distorting effects of immense aggregations of wealth that are accumulated with the help of the corporate form and have little or no correlation to the public's support for the corporation's political ideas," *Austin*, 494 U.S. at 660—is narrowly tailored to protect that interest. *See McConnell*, 540 U.S. at 204-207; *WRTL*, 127 S. Ct. at 2664, 2671; *Bellotti*, 435 U.S. at 786.

4. Besides the interest in avoiding corruption or the appearance of corruption in elections, no other interest has ever been found adequate to justify corporate campaign speech limitations. *See Fed. Elec. Comm'n v. Nat'l Conservative Political Action Comm.*, 470 U.S. 480, 496-497 (1985) ("[P]reventing corruption or the appearance of corruption are the only legitimate and compelling government interests thus far identified for restricting campaign finances"), *quoted in Austin*, 494 U.S. at 658.

5. It is substantially likely that Measure T violates the First Amendment, because it imposes a total ban on all corporate campaign contributions and expenditures. The Supreme Court has already determined that the interest against campaign corruption cannot justify a limitation on corporate-funded issue advocacy, *see WRTL*, 127 S. Ct. at 2672, nor a ban on expenditures relating

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1  to referenda and initiatives, *see Bellotti*, 435 U.S. 765, 791-92 (1978).  And the same Court has

2  never countenanced a *total ban* on all corporate contributions *and* expenditures, as Measure T

3  imposes.  Thus, assuming that Measure T's purpose is to prevent corruption or the appearance

4  thereof, Measure T nevertheless infringes upon Plaintiffs' free speech rights because its total

5  prohibition is neither closely drawn nor narrowly tailored to achieve that interest.

6       6.   It is substantially likely that Measure T violates the First Amendment, because its

7  purpose or "interest" is not corporate-induced electoral corruption, but rather either (1) the

8  silencing of so-called "non-local" voices in local elections, *see* Compl. Exh. 1, § 3, subpara. 2

9  (corporations possess no rights); § 3, subpara. 3 (courts have illegitimately invested corporations

10  with constitutional rights); § 3, subparas. 7-8 (non-local corporations undermine local elections,

11  create appearance of impropriety, and inject "outside influence" that is "unfair and undemocratic"),

12  or (2) the muzzling of speech from certain *types* of corporations, *see id.* §§ 10-11 (providing

13  exemption to local labor organization, *whether or not incorporated*).  The Supreme Court has

14  never found that a locality's interest in silencing "outsiders" trumps the constitutional rights of

15  those outsiders.  Further, that Measure T provides exemptions to *incorporated* labor organizations,

16  and makes it much easier for labor organizations to qualify as "local," substantiates the conclusion

17  that Measure T's purpose is simply to stifle certain viewpoints associated with corporations.  The

18  First Amendment does not allow that course of action.  *See Bellotti*, 435 U.S. at 784-86.

19       7.   Additionally, neither of the interests discussed in the preceding paragraph has anything

20  at all to do with corruption in local campaigns.  As to the first interest, barring non-local voices

21  from local elections only serves to narrow the public debate; it has no relation whatsoever to

22  corruption through quid pro quos or purported excessive influence.  As to the second interest,

23  preventing almost all non-labor-oriented corporations from speaking, but allowing almost all labor-

24  oriented corporations to speak freely, does not directly serve the interest of corruption elimination,

25  for the obvious reason that the orientation of a given corporation has little if anything to do with

26  its susceptibility to corruptive practices, or with the size of its election war chest.  Thus, the real

27  interests motivating Measure T cannot justify its speech limitations, because those interests fall far

28  ///

Pacific Legal Foundation
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1    short of what the Supreme Court has required; and for that reason as well, it is substantially likely

2    that Measure T is unconstitutional.

3        8.    The Equal Protection Clause of the Fourteenth Amendment provides that no state (and

4    by necessary implication no subdivision of a state) shall deny to any person within its jurisdiction

5    the equal protection of the laws.  *See* U.S. Const. amend. XIV, § 1.  A law violates the Equal

6    Protection Clause if it unconstitutionally uses classifications to treat similarly situated individuals

7    or groups differently.  *See Reynolds v. Sims*, 377 U.S. 533, 565 (1964).  When a fundamental

8    right—like the right to free speech—is at issue, the classification triggers strict scrutiny:  The law

9    will be found to violate the Equal Protection Clause if the law is not narrowly tailored to serve a

10   compelling interest.  *Austin*, 494 U.S. at 666.

11       9.    It is substantially likely that Measure T violates the Equal Protection Clause, because

12   it imposes its prohibitions disproportionately on corporate enterprises as opposed to incorporated

13   labor organizations.  The ordinance hinges "labor organization" status on the National Labor

14   Relation Act's definition, *see* Compl. Exh. 1, § 11, which includes both incorporated and

15   unincorporated organizations.  *See* 29 U.S.C. § 152(5).  Assuming *arguendo* that an important or

16   compelling government interest justifies campaign contribution and expenditure limitations on

17   corporations, there is *no* legitimate basis for concluding that the alleged corrupting effects of

18   corporate campaign speech are any greater than campaign speech from incorporated labor

19   organizations.  By including the vast majority of non-labor-oriented corporations within its ambit,

20   but at the same time exempting nearly all labor-oriented corporations, Measure T is arbitrary.  It

21   is not narrowly tailored to achieve any compelling interest in corruption-free elections.

22       10.    Moreover, it is substantially likely that Measure T violates the Equal Protection

23   Clause, because it imposes its prohibitions disproportionately on corporate enterprises as opposed

24   to labor organizations by its conception of a "local" entity.  To qualify as "local," a corporation

25   must establish that (1) all employees reside in Humboldt County, (2) the corporation's principal

26   place of business and headquarters are located in Humboldt County, (3) all shareholders reside in

27   Humboldt County, and (4) no shareholder is a corporation.  *See* Compl. Exh. 1, § 11.  In contrast,

28   a labor organization, to qualify as "local," need only establish that (1) it qualifies as a labor

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1   organization under the National Labor Relations Act, and (2) at least one member resides in

2   Humboldt County.  *See id.*

3        11.  Assuming *arguendo* that a compelling interest exists to impose campaign contribution

4   and expenditure limitations on "non-local" corporations, there is no legitimate basis for making

5   the standard for "local" much more difficult to achieve for corporations as opposed to labor

6   organizations.  In its disparate treatment of corporations as opposed to incorporated labor

7   organizations, Measure T's prohibitions and exemptions are not narrowly tailored to achieve a

8   compelling interest, nor are they even reasonably related to a legitimate end.  Therefore, those

9   prohibitions and exemptions violate the Equal Protection Clause.  Moreover, Measure T fails to

10  treat similarly situated groups in a like manner, in violation of the Equal Protection Clause.

11       Therefore, pursuant to FRCP 52 and 65 and Local Civil Rule 65.1, the Court hereby orders

12  as follows:

13       Defendant, as well as its agents, officers, representatives, and employees, are enjoined from

14  enforcing, attempting to enforce, or in any way giving legal effect to Measure T.

15       The Court waives the requirement of security under FRCP 65(c), on the grounds that the

16  preliminary injunction will require Defendant to sustain little or no cost or damage, and because

17  Plaintiffs' action seeks to vindicate constitutional free speech rights and the public interest.

18       The preliminary injunction shall remain in effect pending further order of the Court.

19

20  DATED: _____.        _____

21                                                      SUSAN ILLSTON
                                                    United States District Court Judge

22

23

24

25

26

27

28

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

## DECLARATION OF SERVICE BY FACSIMILE AND MAIL

I, Damien M. Schiff, declare as follows:

I am a resident of the State of California, residing or employed in Sacramento, California.

I am over the age of 18 years and am not a party to the above-entitled action.

My business address is 3900 Lennane Drive, Suite 200, Sacramento, California 95834.

On September 3, 2008, true copies of [PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION were faxed and placed in envelopes addressed to:

Board of Supervisors
County of Humboldt
Attn:  Kathy Hayes, Clerk of the Board
825 - 5th Street, Room 111
Eureka, CA  95501
Fax:  (707) 445-7299

Ms. Wendy B. Chaitin
Interim County Counsel
County of Humboldt
825 - 5th Street
Eureka, CA  95501
Fax:  (707) 445-6297

which envelopes, with postage thereon fully prepaid, were then sealed and deposited in a mailbox regularly maintained by the United States Postal Service in Sacramento, California.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 3rd day of September, 2008, at Sacramento, California.

_____/s/ Damien M. Schiff_____
DAMIEN M. SCHIFF

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA  95834
(916) 419-7111 FAX (916) 419-7747

1  PAUL J. BEARD II, No. 210563
   E-mail:  pjb@pacificlegal.org
2  DAMIEN M. SCHIFF, No. 235101
   E-mail:  dms@pacificlegal.org
3  BRANDON M. MIDDLETON, No. 255699
   E-mail:  bmm@pacificlegal.org
4  Pacific Legal Foundation
   3900 Lennane Drive, Suite 200
5  Sacramento, California 95834
   Telephone:  (916) 419-7111
6  Facsimile:  (916) 419-7747

7  Attorneys for Plaintiffs

8

9                    UNITED STATES DISTRICT COURT

10           FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12 MERCER, FRASER CO., a California corporation; and )        No. CV 08-4098 SI
   O & M INDUSTRIES, a California corporation,       )
13                                                   )        **[PROPOSED] ORDER**
                       Plaintiffs,                   )        **GRANTING TEMPORARY**
14                                                   )        **RESTRAINING ORDER**
                   v.                                )
15                                                   )   Judge:  Hon. Susan Illston
   COUNTY OF HUMBOLDT, CALIFORNIA, a               )   Courtroom 10, 19th Floor
16 political subdivision of the State of California, )   Time:
                                                     )   Date:
17                     Defendant.                    )
18 ─────────────────────────────────────────────────

19          Having reviewed the application of Plaintiffs Mercer, Fraser Co. and O & M Industries for

20 a temporary restraining order (TRO), and pursuant to Rule 65(b)(2) and (d)(1) of the Federal Rules

21 of Civil Procedure, and Local Civil Rule 65-1, the Court hereby orders as follows:

22          Defendant County of Humboldt, California, as well as its agents, officers, representatives,

23 and employees, are restrained and enjoined from enforcing, attempting to enforce, or in any way

24 giving legal effect to any part of the "Humboldt County Ordinance to Protect Our Right to Fair

25 Elections and Local Democracy," known as "Measure T," and any subsequently adopted and

26 similar ordinance.

27          Issuance of this TRO is necessary to avert irreparable injury to Plaintiffs.  Defendant's

28 enforcement of Measure T will cause Plaintiffs immediate and irreparable injury.  Measure T

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA  95834
(916) 419-7111 FAX (916) 419-7747

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1  prohibits a non-local corporation from contributing or expending anything of value, directly or

2  indirectly, to promote or defeat the candidacy of any person for a local office, or to promote or

3  defeat any local initiative, referendum, or recall election.  1st Am. Compl. Exh. 1, § 5.  In their

4  Complaint, Plaintiffs contend that Measure T violates the rights to freedom of speech and equal

5  protection of the laws, secured by the First and Fourteenth Amendments to the United States

6  Constitution. Final adjudication of Plaintiffs' claims cannot happen before the commencement and

7  completion of the current local election season.  Plaintiffs have expressed a desire to expend and

8  contribute funds in connection with a Humboldt County Board of Supervisors race, to be decided

9  at the November, 2008, general election. Without immediate relief from this Court, Plaintiffs will

10 be forced either to subject themselves to significant monetary fines, or else consent *ad interim* to

11 the abridgement of their free speech rights.  Thus, a TRO is necessary to avoid irreparable harm

12 to Plaintiffs.

13      The Court has been informed by Plaintiffs that notice of Plaintiffs' TRO application has

14 been provided to Defendant.  The Court has determined that there is not sufficient time to afford

15 Defendant an opportunity to be heard on the application, given the imminence of irreparable injury

16 to Plaintiffs.

17      The Court waives the requirement of security under Rule 65(c), on the grounds that the

18 TRO will require Defendant to sustain little or no cost or damage, the suit concerns the

19 fundamental rights to free speech and equal protection, and the suit is brought in the public interest.

20      This TRO shall take effect immediately upon its filing and service, and shall expire ten

21 days hence.  Plaintiffs shall serve a copy of this restraining order, and all supporting pleadings and

22 papers, on Defendant no later than _____, 2008.

23      The Court hereby orders Defendant to show cause as to why a preliminary injunction

24 should not issue.  The hearing on the order to show cause shall be held on _____,

25 2008 at _____ a.m./p.m.

26

27 DATED: _____.        _____

28                                                                    United States District Court Judge

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

## DECLARATION OF SERVICE BY FACSIMILE AND MAIL

1        I, Damien M. Schiff, declare as follows:

2        I am a resident of the State of California, residing or employed in Sacramento, California.

3        I am over the age of 18 years and am not a party to the above-entitled action.

4        My business address is 3900 Lennane Drive, Suite 200, Sacramento, California 95834.

5        On September 3, 2008, true copies of [PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER were faxed and placed in envelopes addressed to:

Board of Supervisors
County of Humboldt
Attn:  Kathy Hayes, Clerk of the Board
825 - 5th Street, Room 111
Eureka, CA  95501
Fax:  (707) 445-7299

Ms. Wendy B. Chaitin
Interim County Counsel
County of Humboldt
825 - 5th Street
Eureka, CA  95501
Fax:  (707) 445-6297

which envelopes, with postage thereon fully prepaid, were then sealed and deposited in a mailbox regularly maintained by the United States Postal Service in Sacramento, California.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 3rd day of September, 2008, at Sacramento, California.

                              /s/ Damien M. Schiff
                              DAMIEN M. SCHIFF