PAUL J. BEARD II, No. 210563
E-mail: pjb@pacificlegal.org
DAMIEN M. SCHIFF, No. 235101
E-mail: dms@pacificlegal.org
BRANDON M. MIDDLETON, No. 255699
E-mail: bmm@pacificlegal.org
Pacific Legal Foundation
3900 Lennane Drive, Suite 200
Sacramento, California 95834
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCER FRASER, CO., a California corporation; and O & M INDUSTRIES, a California corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF HUMBOLDT, CALIFORNIA, a political subdivision of the State of California,<br><br>    Defendant. | No. CV 08-4098 SI<br><br>**PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Susan Illston<br>Courtroom 10, 19th Floor<br>Time:<br>Date: |

Upon the attached First Amended Complaint, Memorandum of Points and Authorities, the Declarations of Justin Zabel and Rob McBeth in Support of Plaintiffs' Application for Ex Parte Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction, and the Declaration of Damien M. Schiff in Support of Application for Temporary Restraining Order, Plaintiffs Mercer, Fraser Co. and O & M Industries move this Court as follows:

1. To issue a temporary restraining order enjoining Defendant County of Humboldt, California, and its agents, employees, officers, and representatives, from enforcing, or attempting to enforce, the "Humboldt County Ordinance to Protect Our Right to Fair Elections and Local Democracy," known as "Measure T," and any subsequently adopted and similar ordinance.

2. To issue a preliminary injunction enjoining Defendant and its agents, employees, officers, and representatives from enforcing, or attempting to enforce, Measure T.

The grounds for this application, as more fully set forth in the attached First Amended Complaint, Memorandum, and Declarations, are that:

1. Plaintiffs will suffer irreparable harm if a temporary restraining order and preliminary injunction do not issue at this time. In just two months, the November 4, 2008, election will take place. The upcoming election includes many County and municipal issues and candidacies of importance to Plaintiffs. If they are to have any impact on the these issues, Plaintiffs must be able to participate–through contributions and expenditures–in the political process. Plaintiffs are ready, willing, and financially capable of participating. Zabel Decl. ¶4; McBeth Decl. ¶4. But Measure T silences Plaintiffs, and Plaintiffs will not participate in this election for fear of prosecution for violation of Measure T's prohibitions. Zabel Decl. ¶ 6; McBeth Decl. ¶ 6.

2. No irreparable injury will be sustained by Defendant or the public through issuance of a temporary restraining order and preliminary injunction. And given that Plaintiffs' suit seeks to vindicate First Amendment rights, and is in the public interest, the bond requirement of Federal Rule of Civil Procedure 65(c) should be waived.

3. Under the First and Fourteenth Amendments, a municipality may restrict corporate campaign contributions so long as the restrictions are closely drawn to match a sufficiently important interest. *See Fed. Elec. Comm'n v. Beaumont*, 539 U.S. 146, 162 (2003). In contrast, to justify a limitation on a corporation's independent expenditure of funds in support of or against a political office candidate, initiative, or referendum, the municipality must demonstrate that its pursuit of a compelling state interest—usually "the corrosive and distorting effects of immense aggregations of wealth that are accumulated with the help of the corporate form and have little or no correlation to the public's support for the corporation's political ideas," *Austin v. Mich. Chamber of Commerce*, 494 U.S. 652, 660 (1990)—is narrowly tailored to protect that interest. *See McConnell v. Fed. Election Comm'n*, 540 U.S. 93, 204-07 (2003); *Fed. Election Comm'n v. Wisconsin Right to Life, Inc. (WRTL)*, 127 S. Ct. 2652, 2664, 2671 (2007); *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 786 (1978).

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

4. Besides the interest in avoiding corruption or the appearance of corruption in elections, no other interest has ever been found adequate to justify corporate campaign speech limitations. *See Fed. Elec. Comm'n v. Nat'l Conservative Political Action Comm.*, 470 U.S. 480, 496-497 (1985) ("[P]reventing corruption or the appearance of corruption are the only legitimate and compelling government interests thus far identified for restricting campaign finances"), *quoted in Austin*, 494 U.S. at 658.

5. Measure T violates the First Amendment, because it imposes a total ban on all corporate campaign contributions and expenditures. The Supreme Court has already determined that the interest against campaign corruption cannot justify a limitation on corporate-funded issue advocacy, *see WRTL*, 127 S. Ct. at 2672, nor a ban on expenditures relating to referenda and initiatives, *see Bellotti*, 435 U.S. 765, 791-92 (1978). And the same Court has never countenanced a *total ban* on all corporate contributions *and* expenditures, as Measure T imposes. Thus, assuming that Measure T's purpose is to prevent corruption or the appearance thereof, Measure T nevertheless infringes upon Plaintiffs' free speech rights because its total prohibition is neither closely drawn nor narrowly tailored to achieve that interest.

6. Measure T violates the First Amendment, because its purpose or "interest" is not corporate-induced electoral corruption, but rather either (1) the silencing of so-called "non-local" voices in local elections, *see* First Am. Compl. Exh. 1, § 3, subpara. 2 (corporations possess no rights); § 3, subpara. 3 (courts have illegitimately invested corporations with constitutional rights); § 3, subparas. 7-8 (non-local corporations undermine local elections, create appearance of impropriety, and inject "outside influence" that is "unfair and undemocratic"), or (2) the muzzling of speech from certain *types* of corporations, *see id*. §§ 10-11 (providing exemption to local labor organization, *whether or not incorporated*). The Supreme Court has never found that a locality's interest in silencing "outsiders" trumps the constitutional rights of those outsiders. Further, that Measure T provides exemptions to *incorporated* labor organizations, and makes it much easier for labor organizations to qualify as "local," substantiates the conclusion that Measure T's purpose is simply to stifle certain viewpoints associated with corporations. The First Amendment does not allow that course of action. *See Bellotti*, 435 U.S. at 784-86.

7. Additionally, neither of the interests discussed in the preceding paragraph has anything at all to do with corruption in local campaigns. As to the first interest, barring non-local voices from local elections only serves to narrow the public debate; it has no relation whatsoever to corruption through quid pro quos or purported excessive influence. As to the second interest, preventing almost all non-labor-oriented corporations from speaking, but allowing almost all labor-oriented corporations to speak freely, does not directly serve the interest of corruption elimination, for the obvious reason that the orientation of a given corporation has little if anything to do with its susceptibility to corruptive practices, or with the size of its election war chest. Thus, the real interests motivating Measure T cannot justify its speech limitations, because those interests fall far short of what the Supreme Court has required; and for that reason as well, Measure T is unconstitutional.

8. The Equal Protection Clause of the Fourteenth Amendment provides that no state (and by necessary implication no subdivision of a state) shall deny to any person within its jurisdiction the equal protection of the laws. *See* U.S. Const. amend. XIV, § 1. A law violates the Equal Protection Clause if it unconstitutionally uses classifications to treat similarly situated individuals or groups differently. *See Reynolds v. Sims*, 377 U.S. 533, 565 (1964). When a fundamental right—like the right to free speech—is at issue, the classification triggers strict scrutiny: The law will be found to violate the Equal Protection Clause if the law is not narrowly tailored to serve a compelling interest. *Austin*, 494 U.S. at 666.

9. Measure T violates the Equal Protection Clause, because it imposes its prohibitions disproportionately on corporate enterprises as opposed to incorporated labor organizations. The ordinance hinges "labor organization" status on the National Labor Relation Act's definition, *see* First Am. Compl. Exh. 1, § 11, which includes both incorporated and unincorporated organizations. *See* 29 U.S.C. § 152(5). Assuming *arguendo* that an important or compelling government interest justifies campaign contribution and expenditure limitations on corporations, there is *no* legitimate basis for concluding that the alleged corrupting effects of corporate campaign speech are any greater than campaign speech from incorporated labor organizations. By including the vast majority of non-labor-oriented corporations within its ambit, but at the same time

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

exempting nearly all labor-oriented corporations, Measure T is arbitrary. It is not narrowly tailored to achieve any compelling interest in corruption-free elections.

10. Measure T violates the Equal Protection Clause, because it imposes its prohibitions disproportionately on corporate enterprises as opposed to labor organizations by its conception of a "local" entity. To qualify as "local," a corporation must establish that (1) all employees reside in Humboldt County, (2) the corporation's principal place of business and headquarters are located in Humboldt County, (3) all shareholders reside in Humboldt County, and (4) no shareholder is a corporation. *See* First Am. Compl. Exh. 1, § 11. In contrast, a labor organization, to qualify as "local," need only establish that (1) it qualifies as a labor organization under the National Labor Relations Act, and (2) at least one member resides in Humboldt County. *See id.*

11. Assuming *arguendo* that a compelling interest exists to impose campaign contribution and expenditure limitations on "non-local" corporations, there is no legitimate basis for making the standard for "local" much more difficult to achieve for corporations as opposed to labor organizations. In its disparate treatment of corporations as opposed to incorporated labor organizations, Measure T's prohibitions and exemptions are not narrowly tailored to achieve a compelling interest, nor are they even reasonably related to a legitimate end. Therefore, those prohibitions and exemptions violate the Equal Protection Clause. Moreover, Measure T fails to treat similarly situated groups in a like manner, in violation of the Equal Protection Clause.

Plaintiffs therefore request that their application for a TRO and preliminary injunction be granted.

DATED: September 3, 2008.

                          Respectfully submitted,

                          PAUL J. BEARD II
                          DAMIEN M. SCHIFF
                          BRANDON M. MIDDLETON

                          By   /s/ Damien M. Schiff
                                DAMIEN M. SCHIFF

Attorneys for Plaintiffs

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

**DECLARATION OF SERVICE BY FACSIMILE AND MAIL**

I, Damien M. Schiff, declare as follows:

I am a resident of the State of California, residing or employed in Sacramento, California.

I am over the age of 18 years and am not a party to the above-entitled action.

My business address is 3900 Lennane Drive, Suite 200, Sacramento, California 95834.

On September 3, 2008, true copies of PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION were faxed and placed in envelopes addressed to:

Board of Supervisors
County of Humboldt
Attn: Kathy Hayes, Clerk of the Board
825 - 5th Street, Room 111
Eureka, CA  95501
Fax: (707) 445-7299

Ms. Wendy B. Chaitin
Interim County Counsel
County of Humboldt
825 - 5th Street
Eureka, CA  95501
Fax: (707) 445-6297

which envelopes, with postage thereon fully prepaid, were then sealed and deposited in a mailbox regularly maintained by the United States Postal Service in Sacramento, California.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 3rd day of September, 2008, at Sacramento, California.

                                                        /s/ Damien M. Schiff
                                                        DAMIEN M. SCHIFF

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA  95834
(916) 419-7111  FAX (916) 419-7747