1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MERCER, FRASER CO. *et al.*,

        Plaintiffs,

  v.

COUNTY OF HUMBOLDT, CALIFORNIA,

        Defendant.

_____/

No. C 08-4098 SI

**ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION AND PRELIMINARILY ENJOINING ENFORCEMENT OF MEASURE T**

On September 22, 2008, this Court heard argument on plaintiffs' motion for a preliminary injunction enjoining Humboldt County from enforcing Measure T, an initiative ordinance adopted by Humboldt County voters in 2006. Measure T prohibits non-local corporations, labor organizations, and non-profit groups from making campaign contributions and expenditures in Humboldt County local elections. After carefully reviewing the parties' briefs and the record, the Court hereby GRANTS plaintiffs' motion.

**LEGAL STANDARD**

Requests for preliminary injunctive relief require the movant to demonstrate either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in his favor. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir.2003). The irreparable harm requirement can be met by demonstrating the existence of a colorable First Amendment claim. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); *see also Sammartano v. First Judicial District Court*, 303 F.3d 959, 973 (9th Cir. 2002).

**United States District Court**
For the Northern District of California

**DISCUSSION**

The Court finds that plaintiffs have demonstrated a colorable claim that Measure T violates the First and Fourteenth Amendments.

Plaintiffs have demonstrated that Measure T likely violates the First Amendment because it burdens corporations' First Amendment right to make political expenditures and campaign contributions, yet it is neither narrowly tailored nor closely drawn as the case law requires. The ordinance is not narrowly tailored because, unlike the Michigan law at issue in *Austin v. Michigan State Chamber of Commerce*, 494 U.S. 652 (1990), it does not allow for corporate expenditures through segregated funds. Even if Measure T did allow corporations to form segregated funds, it may also be unconstitutionally underinclusive: Measure T regulates non-local corporations more stringently than non-local incorporated unions. *See* § 11. At the same time, Measure T is likely overinclusive: it regulates corporations based on their status as "local," incorporating its own peculiar definition of "local," *see* § 5, but this distinction does not further the compelling goal of "preventing corruption, avoiding the appearance of corruption, and averting the circumvention of provisions intended to combat corruption." *See Jacobus v. Alaska*, 338 F.3d 1095, 1110 (9th Cir. 2003). Finally, Measure T allows no exemption for political corporations or for corporate speech on ballot initiatives. *See* § 5. Nor is Measure T likely to be found closely drawn, in accordance with the case law, because unlike the federal law at issue in *F.E.C. v. Beaumont*, 539 U.S. 146, 157 (2003), it does not allow corporations to form political action committees.

At oral argument, defendant urged that the Ninth Circuit's decision in *Jacobus* would save at least the ban on contributions, if not the ban on expenditures. This Court is not persuaded. The court in *Jacobus* examined the constitutionality of an Alaska statute restricting various types of campaign spending by corporations, unions, other business associations and individuals. The portion of *Jacobus* on which defendant relies is its discussion of "soft money contributions" to political parties by individuals, corporations, business associations, and unions. *Jacobus*, 338 F.3d at 1100. The court labored to define "soft money contributions," as opposed to other "hard money" contributions, ultimately settling on "all money contributed to a political party not expressly earmarked to influence the nomination or election of a candidate." *Id.,* at 1098. In this context, the court in *Jacobus* approved

Alaska's ban on "soft money contributions" by corporations.  However, the provisions of Measure T are not limited to such "soft money contributions," but rather apply across the board to all contributions, including contributions going directly to candidates.  *Jacobus* neither discussed nor approved such a sweeping ban.[1]

Measure T is also likely to violate the Equal Protection Clause of the Fourteenth Amendment because it burdens corporations' right to engage in political expression but, as described above, it is not narrowly tailored.

Measure T contains a severability clause (§ 14), but this Court finds no way to render the challenged prohibitions (§§ 5, 5(a), 5(b)) constitutional.

Accordingly, pursuant to Fed. R. Civ. P. 52 and 65 and Local Civil Rule 65.1, the Court hereby ORDERS as follows:

Defendant, and its agents, officer, representatives and employees, are ENJOINED from enforcing or giving legal effect to Measure T, until further order of the Court.  The Court finds that the preliminary injunction will require defendant to incur little or no monetary costs and that the injunction is sought to vindicate constitutional rights and the public interest, so no bond or security will be imposed under Fed. R. Civ. Pro. 65(c).

**IT IS SO ORDERED.**

Dated: September 22, 2008

_____
SUSAN ILLSTON
United States District Judge

---

[1]Nor did the Alaska statute distinguish "local" from "non-local" corporations, labor organizations and non-profits, as does Measure T.  As already noted, these idiosyncratic distinctions may independently cause constitutional infirmity.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California